**Gwyneth January WILLIAMS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 45690.**

Court of Criminal Appeals of Texas.

July 28, 1972.

Foreman & DeGuerin by Dick De-Guerin, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and Victor Driscoll, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

ONION, Presiding Judge.

This appeal arises out of a conviction for the felony offense of shoplifting. The punishment was assessed at 2 years.

On September 3, 1971, the appellant waived trial by jury and entered a plea of guilty before the court.

Appellant contends the court erred in admitting into evidence an oral stipulation of the facts. She acknowledges that the plea of guilty was taken after the 1971 amendment to Article 1.15, Vernon's Ann.C.C.P. (Acts 1971, 62nd Leg., ch. 996, p. 3028, effective June 15, 1971), which permits oral stipulations in pleas before the court, but contends that the written consent to stipulate covered only "affidavits, written state-

ments and any other documentary evidence."

It is obvious that the printed form for the consent to stipulate was drafted prior to the amendment of Article 1.15, supra, and made no reference to oral stipulations.

Further, we note that the written stipulations entered into evidence were never offered or introduced into evidence. The only stipulations offered by the State were oral and were dictated into the record. At the conclusion of the stipulations, which were clearly sufficient to support a judgment of conviction, the record reflects:

"THE COURT: So agreed and stipu lated by the defendant?

"THE DEFENDANT: Yes, sir.

"THE COURT: And by her attor ney?

"MR. HARTMAN: Yes, Your Hon or.

"THE COURT: All right. . . ."

The written consent to stipulate, as required by Article 1.15, supra, is required whether the stipulations are oral or written, but we conclude that the court did not err in admitting the oral stipulations in the instant case as there was no objection and appellant and her counsel expressly agreed to the same. The ground of error relates to the admissibility of such evidence without objection, not as to whether there had been a full compliance with the requirements of Article 1.15, supra.

Next, appellant challenges the sufficiency of the evidence to sustain her plea of guilty. It is observed that the appellant voluntarily took the witness stand and, on cross examination, made a judicial confession. In Beaty v. State, 466 S.W.2d 284, 286 (Tex.Cr.App.1971), this court wrote:

". . . A judicial confession standing alone is sufficient to support appellant's guilty plea under provisions of Article 1.15, supra, despite any defects in stipu lated evidence or the insufficiency of the other evidence offered. Alvarez v. State, Tex.Cr.App., 374 S.W.2d 890. See also Bell v. State, Tex.Cr.App., 455 S.W.2d 230."

See, also, Moss v. State, 468 S.W.2d 807, 808 (Tex.Cr.App.1971).

The judgment is affirmed.

ROBERTS, J., not participating.