**Sergio Nicholas LORD, Appellants,**

v.

**The STATE of Texas, Appellees.**

**No. 13–01–063–CR.**

Court of Appeals of Texas, Corpus Christi.

Nov. 1, 2001.

---

38. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 41.008(b)(1)(A)(B), (2) (Vernon 1997) (emphasis added).

Phillip Thomas Cowen, Brownsville, for Appellant.

Yolanda De Leon, District Attorney, Brownsville, for Appellee.

Before Chief Justice VALDEZ and Justices HINOJOSA and CASTILLO.

## OPINION

Opinion by Chief Justice VALDEZ.

Appellant, Sergio Nicolas Lord, was charged with the felony offense of possession with intent to deliver a controlled substance, cocaine, in an amount by aggregate weight of four grams or more but less than two hundred grams. *See* TEX. PEN. CODE ANN. § 481.112(d) (Vernon Supp. 2001). He pleaded guilty without a plea bargain to a lesser charge, and was convicted of possession with intent to deliver a controlled substance, cocaine, in an amount by aggregate weight of one gram or more but less than four grams. *See* TEX. PEN. CODE ANN. § 481.112(c) (Vernon Supp. 2001). Appellant was sentenced to ten years imprisonment.

Appellant raises two issues on appeal. First, appellant argues that his plea of guilty was not knowing and voluntary because the trial court failed to properly admonish him as to the consequences of his plea. Second, appellant argues that because the indictment alleged possession with intent to deliver a greater amount of cocaine than did the appellant's written stipulation of evidence, the stipulation failed to constitute any evidence supporting appellant's conviction. After due consideration of these issues, we affirm the judgment of the trial court.

### Voluntariness of the Plea

In his first issue, appellant claims that his plea was involuntary. Article 26.13(a) of the Texas Code of Criminal Procedure provides that, before accepting a guilty plea, the trial court must admonish a de-

fendant regarding: (1) the punishment range; (2) the fact that the State's sentencing recommendation is not binding on the court; (3) the limited right to appeal; and (4) the possibility of deportation. *See* TEX.CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 1989). The admonishments may be made either orally or in writing. *Id.* If the admonishments are made in writing, the defendant and his lawyer must file a statement that the defendant understood the admonitions and was aware of the consequences of the guilty plea. *Id.*

 The purpose of article 26.13 is to ensure that only a constitutionally valid plea is entered by the defendant and accepted by the trial court. *Meyers v. State,* 623 S.W.2d 397, 402 (Tex.Crim.App.1981). To be constitutionally valid, a guilty plea must be knowing and voluntary. *Brady v. United States,* 397 U.S. 742, 749, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970); *Stephens v. State,* 15 S.W.3d 278, 279 (Tex.App.— Houston [14th Dist.] 2000, pet. ref'd). The trial court's substantial compliance with article 26.13 establishes a prima facie case that the plea was valid. *See* TEX.CODE CRIM PROC. ANN. art. 26.13(c); *Eatmon v. State,* 768 S.W.2d 310, 312 (Tex.Crim.App. 1989); *Ruffin v. State,* 3 S.W.3d 140, 145 (Tex.App.—Houston [14th Dist.] 1999, pet. ref'd). Substantial compliance exists when the trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm. *See Hughes v. State,* 833 S.W.2d 137, 139–40 (Tex.Crim.App.1992); *Davis v. State,* 7 S.W.3d 695, 697 (Tex. App.—Houston [1st Dist.] 1999, no pet.). Upon a showing of substantial compliance, the burden shifts to appellant to show that he entered the plea without understanding the consequences of his action and he suffered harm. *Eatmon,* 768 S.W.2d at 312;

*see Singleton v. State,* 986 S.W.2d 645, 650 (Tex.App.—El Paso 1998, pet. ref'd).

 Appellant was charged with the felony offense of possession of cocaine with intent to deliver in the amount of four grams or more, but less than two hundred grams. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(d) (Vernon Supp.2001). Appellant pleaded guilty to possession of cocaine with intent to deliver in the amount of one gram to four grams. At the hearing wherein the trial court accepted appellant's guilty plea, the court questioned appellant as follows:

Court: Mr. Lord, you have signed the Admonitions of the Court to the Defendant. Do you understand that by signing this what you are telling me is that you are pleading guilty and you are asking that I find you guilty? Do you understand that?

Lord: Yes, Your Honor.

Court: You understand that the range of punishment for that offense is for a term of not less than two years nor more than 20 years and a fine not to exceed $10,000?

Lord: Yes, Your Honor.

Court: Do you understand that there is no plea bargain?

Lord: Yes, Your Honor.

Court: Okay. The only thing is the State is going to go on the lesser included offense of possession with intent to deliver one to four grams of cocaine.

Lord: I understand that, Your Honor.

. . . .

Court: Did anybody force you or coerce you into entering this plea?

Lord: No, Your Honor. No, ma'am.

Court: Are you entering this plea because you are guilty and for no other reason?

Lord: Yes, Your Honor.

Court: Mr. Garcia, have you had sufficient time to consult with your client, and is he competent to enter this plea?

Garcia: I have, Your Honor, and he is.

Included in the record is a document entitled "Admonitions of the Court to the Defendant." This document is a standard printed form with blanks for the inclusion of the defendant's name, the number of the district court, and the applicable range of punishment. The written admonitions contain the matters required by article 26.13(a) of the code of criminal procedure. The admonition regarding the range of sentence appears to have been initially completed in handwriting as five to ninety-nine years, however, these figures have been interlineated and instead completed as two to twenty years. The written admonitions include a "statement of defendant and defendant's attorney," which provides that "Defendant fully understands all of the foregoing admonitions and is fully aware of the consequences of his plea," and that his plea "is made freely and voluntarily." Both appellant and his attorney signed this statement.

The record further contains a sworn "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty" executed by appellant. This document also contains the admonitions required by the code of criminal procedure. In the "Written Waiver," appellant again affirms the voluntariness of his plea.

Based on the foregoing, we conclude that the trial court correctly admonished the appellant in accordance with the code of criminal procedure. *See* Tex.Code Crim Proc. Ann. art. 26.13(c). Appellant has not shown that he entered his plea without understanding the consequences of his action. Rather, the record establishes that appellant's plea was knowing and voluntary. We overrule appellant's first issue.

### Variation Between Stipulation and Indictment

In his second issue, appellant argues that a variance between the stipulation to the evidence and the indictment nullifies the stipulation; and as a consequence of this, the State has failed to introduce any evidence to support the "delivery" charge against appellant. Appellant further argues that jeopardy has attached requiring acquittal or limiting appellant's retrial to possession of one to four grams of cocaine.

The indictment states that appellant did "intentionally or knowingly possess, with intent to deliver, a controlled substance, namely, Cocaine, in an amount by aggregate weight, including any adulterants and dilutants of 4 grams or more but less than 200 grams." The "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of Guilty," is a printed form containing a blank in which to describe the offense charged in the indictment. The printed form provides, in part:

that the Defendant is the identical person named in the indictment in the above styled and numbered cause; that each and every allegation in said indictment charging the offense of _____ is true and correct. . . .

In two different handwritings, the offense is described in the waiver as the *"lesser included* possession of controlled substance with intent to deliver (cocaine) *(1 to 4 grams)."* It appears that the form was initially completed with the phrase "possession of controlled substance with intent to deliver (cocaine)," and the other phrases, "lesser included," and "(1 to 4 grams)" were added thereafter.

When a defendant waives his right to a jury and pleads guilty or nolo contendere to a felony, article 1.15 of the

code of criminal procedure requires the State to introduce evidence into the record showing the guilt of the defendant to serve as the basis for the trial court's judgment. *See* Tex.Code Crim. Proc. Ann. art. 1.15 (Vernon Supp.2001). A judicial confession, standing alone, provides sufficient evidence to support the trial court's judgment and satisfy article 1.15. *See Dinnery v. State,* 592 S.W.2d 343, 353 (Tex.Crim.App. 1979)(op. on reh'g); *Williams v. State,* 483 S.W.2d 460, 461 (Tex.Crim.App.1972). Appellant's written stipulation, conceding the stipulated facts are true and correct, qualifies as a judicial confession. *See, e.g., Wright v. State,* 930 S.W.2d 131, 133 (Tex. App.—Dallas 1996, no pet.). Appellant's oral exchange with the court, as excerpted above, also constitutes a judicial confession. *Dinnery,* 592 S.W.2d at 353; *see McFarland v. State,* 644 S.W.2d 17, 18 (Tex.App.—Dallas 1982, no pet.).

■■■ As a general rule, a variance between the indictment and the evidence at trial is fatal to a conviction. *Stevens v. State,* 891 S.W.2d 649, 650 (Tex.Crim.App. 1995). This is because due process guarantees the defendant notice of the charges against him. *Id.* Due process is violated when an indictment alleges one offense but the State proves another. *Id.* However, a variance between the wording of an indictment and the evidence presented at trial is fatal only if it is material and prejudices the defendant's substantial rights. *Gollihar v. State,* 46 S.W.3d 243, 257 (Tex.2001). In analyzing this issue, we determine whether the indictment informed the defendant of the charge against him sufficiently to allow him to prepare an adequate defense at trial, and whether prosecution under the deficiently drafted indictment would subject the defendant to the risk of being prosecuted later for the same crime. *See id.*

■■■ As an initial matter, while the indictment and the stipulation do not contain identical language, there is an overlap between the two documents insofar as both the indictment and the stipulation reference possession of four grams of cocaine. However, appellant's actual judgment of conviction provides for possession of "less than four grams," which tracks the language of the health and safety code providing for the lesser offense.

Appellant's oral confession to the court makes it clear that he is pleading guilty to the lesser included offense of possession with intent to deliver one to four grams of cocaine. This judicial confession is sufficient evidence to support the trial court's judgment and satisfy article 1.15. *See Dinnery,* 592 S.W.2d at 353; *Williams,* 483 S.W.2d at 461.

Moreover, to the extent that the description of the offense in the indictment varies from that in the written stipulation, the record shows that this variance neither surprised nor misled appellant to his detriment. *See* Tex.R.App. P. 44.2(b); *Aguirre Mata v. State,* 992 S.W.2d 495, 498 (Tex. Crim.App.1999); *cf. Davey v. State,* 989 S.W.2d 52, 54 (Tex.App.—Dallas 1998, pet ref'd)(harm analysis of pleading variance reviewed under Tex.R.App. P. 44.2(b)). Appellant was told by the trial court that the State was proceeding on the lesser included offense, and appellant agreed to the plea on the lesser included offense by signing the court's admonitions and executing the court's stipulation of evidence. Appellant did not object to proceeding on the lesser included offense. Appellant fails to complain of any harm resulting from the variance. Rather, appellant actively obtained a benefit from receiving the lesser included offense by avoiding the more stringent sentence required by the greater offense. Accordingly, to the extent that a variance may exist, it was

immaterial because appellant was not surprised or misled and the variance did not affect appellant's substantial rights.

We overrule appellant's second issue.

Having overruled each of appellant's issues on appeal, we affirm the judgment of the trial court.