NUMBER
13-01-585-CR

 

                             COURT OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                      CORPUS CHRISTI B EDINBURG


 

ARTHUR
JAMES MELONSON, JR.,                                         Appellant,

 

                                                   v.

 

THE
STATE OF TEXAS,                                                          Appellee.

 

                       On appeal from the
Criminal District Court 

                                of Jefferson
County, Texas.

 

 

                                   O P I N I O N

 

                    Before Justices Dorsey,
Rodriguez, and Baird[1]

                                   Opinion
by Justice Baird     

 








Appellant was charged
by indictment with the offense of aggravated sexual assault.  Appellant pled guilty to the charged offense,
and punishment was assessed by the trial judge at fifty years confinement in
the Texas Department of Criminal Justice--Institutional Division.  Appellant raises two points of error.  We dismiss for want of jurisdiction.

This case was being
tried when appellant agreed to plead guilty to the charged offense, and the
State agreed the trial judge would assess punishment but that the range of
punishment would be capped at fifty years confinement.[2]  The trial judge accepted the plea, dismissed
the jury, and at the punishment hearing followed the agreement by not exceeding
the agreed punishment cap.

The State argues
appellant has not complied with the requirements of rule 25(b)(3) of the Rules
of Appellate Procedure thereby depriving this court of jurisdiction 








to address the points
of error raised in appellant=s brief.  A defendant in a plea‑bargained felony
case who files an appeal must meet the notice requirements of Texas Rule of
Appellate Procedure 25.2(b)(3) to invoke appellate court jurisdiction over the
case.  Specifically, the defendant's
notice of appeal must state:  (1) the
appeal was for a jurisdictional defect; (2) the substance of the appeal was
raised by written motion and ruled on before trial; or (3) the trial court
granted permission to appeal. Tex. R.
App. P. 25(b)(3); Cooper v. State, 45 S.W.3d 77, 81 (Tex. Crim. App. 2001).

The record contains a
general notice of appeal which does not state that the trial judge granted
permission to appeal.  Moreover, the
points of error do not raise a jurisdictional defect.  Finally, the points of error raised by
appellant do not concern matters raised by written motion and ruled on before
trial.  Accordingly, we are without
jurisdiction to address the merits of these points of error.  Hutchins v. State, 887 S.W.2d 207, 211
(Tex. App.BAustin 1994, pet. ref'd).[3]

This appeal is
dismissed for want of jurisdiction.

 

 

                                                               
                                             

CHARLES F. BAIRD

Justice

Do not publish. 


Tex. R. App. P. 47.3.

 

Opinion delivered and filed this 

the 13th day of June, 2002.








 











[1] Former Court of Criminal Appeals Judge
Charles F. Baird assigned to this Court by the Chief Justice of the Supreme
Court of Texas pursuant to Tex. Gov=t Code Ann. '
74.003 (Vernon 1998).





[2]  The
record reveals the following:

 

TRIAL JUDGE: [Appellant], you
and your attorney have reached a plea bargain agreement with the State of
Texas.  Do you understand this Court is
not bound to follow that agreement?

 

APPELLANT: Yes, sir.

...

 

TRIAL JUDGE: Do you also
understand that if the Court does, in fact, follow the plea bargain agreement
that you cannot appeal your plea of guilty to the higher court unless you first
obtain consent from this Court?

 

APPELLANT: Yes, sir.

 





[3] We pause briefly to note that neither of
appellant=s
points of error are meritorious.  Texas
courts have traditionally held that as long as the punishment is within the
range prescribed by the Legislature in a valid statute, the punishment is not
excessive.  Jordan v. State, 495
S.W.2d 949, 952 (Tex. Crim. App. 1973).  Because fifty years is within the prescribed
range for the first degree felony offense of aggravated sexual assault, his
argument his sentence is cruel and unusual is without merit.  As to the second point of error, we have
carefully reviewed the record and find that the failure of the trial judge to
sign the first page of the AWritten Plea Admonishments@
document (however, he did sign the second page and final page) does not rise to
the level of a violation of the Due Process Clause of the United States
Constitution.  Brady v. United States,
397 U.S. 742, 753 (1970); Lord v. State, 63 S.W.3d 87, 90 (Tex. App.BCorpus
Christi 2001, no pet.).