BLAYLOCK V. STATE






COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-163-CR
 
JOHNNY D. BLAYLOCK A/K/A
                                                           APPELLANT
JOHNNY D. BAYLOCK
V.
THE STATE OF TEXAS STATE
------------
FROM THE 396TH DISTRICT COURT OF TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant Johnny D. Blaylock pleaded guilty to the offense of possession with
intent to deliver methamphetamine, a controlled substance. The trial court found
Appellant guilty and sentenced him to seven years' confinement at the
Institutional Division of the Texas Department of Criminal Justice. In two
issues, Appellant challenges the legal and factual sufficiency of the evidence
in support of the trial court's judgment. We affirm.
On February 8, 2002, the trial court held a plea hearing and explained to
Appellant that the State was charging him by an indictment with the offense of
possession of methamphetamine with intent to deliver in an amount between four
and 200 grams. Appellant stated that he understood what he was being charged
with. The court then referenced a document labeled State's Exhibit One and asked
Appellant whether he understood what he was charged with in the indictment and
whether he had reviewed the written plea admonishments contained in Exhibit One
with his attorney. Appellant responded affirmatively to both questions.
The trial court asked Appellant a few more questions concerning his
citizenship and competency and then asked whether Appellant wanted to plead
guilty to the charge and have the court assess his punishment. Appellant again
answered, "Yes, sir." Exhibit One was never formally admitted into
evidence, but a document labeled State's Exhibit One, which contains written
plea admonishments and Appellant's written judicial confession, appears in the
clerk's record.
The court then advised Appellant of the consequences of pleading guilty and
asked whether he understood that he was giving up certain rights by pleading
guilty and was allowing the court to assess a punishment in a range between five
and ninety-nine years. Appellant stated that he understood, and he pleaded
guilty to the charge of possession with intent to deliver. The court accepted
Appellant's plea but deferred making a finding of guilt until a presentence
investigation report had been prepared.
During the sentencing hearing, Appellant took the stand and testified,
admitting that when he was arrested, the police searched him and found the
amount of $1,800 in his possession. Appellant testified that he knew it was
wrong to be "messing with" drugs, and he "should have known
better." On cross-examination, he testified that he had a safe, where he
claimed he kept coins, and he also admitted that, in his bedroom, he "had a
bunch of small plastic baggies." Appellant further admitted that a little
over ten grams of methamphetamine and a little under two grams of amphetamine
were at his apartment, he knew about the drugs, and that was the contraband
related to the offense to which he had pleaded guilty. He also admitted that two
guns were inside his apartment along with the narcotics. After hearing all of
the testimony, the trial court found Appellant guilty and sentenced him to seven
years' confinement.
In Appellant's first and second issues, he complains that the evidence is
legally and factually insufficient to support the trial court's judgment. In
reviewing the legal sufficiency of the evidence to support a conviction, we view
all the evidence in the light most favorable to the judgment in order to
determine whether any rational trier of fact could have found the essential
elements of the crime beyond a reasonable doubt. Jackson v. Virginia, 443
U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Burden v. State, 55 S.W.3d
608, 612 (Tex. Crim. App. 2001). This standard gives full play to the
responsibility of the trier of fact to resolve conflicts in the testimony, to
weigh the evidence, and to draw reasonable inferences from basic facts to
ultimate facts. Jackson, 443 U.S. at 319, 99 S. Ct. at 2789. When
performing a legal sufficiency review, we may not sit as a thirteenth juror,
re-evaluating the weight and credibility of the evidence and, thus, substituting
our judgment for that of the fact finder. Dewberry v. State, 4 S.W.3d
735, 740 (Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).
In reviewing the factual sufficiency of the evidence to support a conviction,
we are to view all the evidence in a neutral light, favoring neither party. Johnson
v. State, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis v. State,
922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996). Evidence is factually
insufficient if it is so weak as to be clearly wrong and manifestly unjust or
the adverse finding is against the great weight and preponderance of the
available evidence. Johnson, 23 S.W.3d at 11. Therefore, we must
determine whether a neutral review of all the evidence, both for and against the
finding, demonstrates that the proof of guilt is so obviously weak as to
undermine confidence in the judgment, or the proof of guilt, although adequate
if taken alone, is greatly outweighed by contrary proof. Id. In
performing this review, we are to give due deference to the fact finder's
determinations. Id. at 8-9; Clewis, 922 S.W.2d at 136. We may
not substitute our judgment for that of the fact finder's. Johnson, 23
S.W.3d at 12. Consequently, we may find the evidence factually insufficient only
where necessary to prevent manifest injustice. Johnson, 23 S.W.3d at 9,
12; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
To make a determination of factual insufficiency, a complete and detailed
examination of all the relevant evidence is required. Johnson, 23
S.W.3d at 12. A proper factual sufficiency review must include a discussion of
the most important and relevant evidence that supports the appellant's complaint
on appeal. Sims v. State, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).
When a defendant waives his or her right to a jury and pleads guilty to a
felony, the code of criminal procedure requires the State to introduce evidence
into the record showing the defendant's guilt to serve as the basis for the
trial court's judgment. See Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon Supp. 2003); McDougal v. State, No. 02-02-00281-CR, slip op. at
3, 2003 WL 1777331, at *1 (Tex. App.--Fort Worth Apr. 3, 2003, pet. filed).
"A judicial confession, standing alone, provides sufficient evidence to
support the trial court's judgment and satisfy article 1.15." Lord v.
State, 63 S.W.3d 87, 92 (Tex. App.--Corpus Christi 2001, no pet.) (citing Dinnery
v. State, 592 S.W.2d 343, 353 (Tex. Crim. App.1979) (op. on reh'g); Williams
v. State, 483 S.W.2d 460, 461 (Tex. Crim. App. 1972)). An oral confession
may constitute sufficient evidence to support the judgment and to satisfy
article 1.15. See  Tex. Code Crim. Proc. Ann. art. 1.15;
Dinnery, 592 S.W.2d at 353; Lord, 63 S.W.3d at 92 (holding oral
exchange with court at time plea was accepted constituted judicial confession
sufficient to support judgment and to satisfy article 1.15); McFarland v.
State, 644 S.W.2d 17, 18 (Tex. App.--Dallas 1982, no pet.) ("A
defendant's oral judicial confession that he is pleading guilty just as he is
charged in the indictment, is sufficient evidence to support the plea.").
At the outset, we note the State's candid admission in its brief that there
is a sketchy record, at best, to either support or undermine Appellant's guilt.
As described above, however, Appellant made an oral judicial confession, which
we note is similar to-and even more factually detailed than-the oral confession
outlined in Lord and held sufficient to support Lord's plea. See
63 S.W.3d at 90-91. In accordance with Dinnery and Williams
and in agreement with Lord, we hold that Appellant's oral judicial
confession satisfies article 1.15 and constitutes legally and factually
sufficient evidence to support the trial court's judgment. See Tex.
Code Crim. Proc. Ann. art. 1.15; Dinnery, 592 S.W.2d at 353; Williams,
483 S.W.2d at 461; Lord, 63 S.W.3d at 92.
Having overruled both of Appellant's issues, we affirm the trial court's
judgment.
 
                                                           ANNE
GARDNER
                                                           JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: June 26, 2003

1. See Tex. R. App. P. 47.4.