BLAYLOCK V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-02-163-CR

JOHNNY D. BLAYLOCK A/K/A APPELLANT

JOHNNY D. BAYLOCK

V.

THE STATE OF TEXAS STATE

------------

FROM THE 396
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant Johnny D. Blaylock pleaded guilty to the offense of possession with intent to deliver methamphetamine, a controlled substance.  The trial court found Appellant guilty and sentenced him to seven years’ confinement at the Institutional Division of the Texas Department of Criminal Justice.  In two issues, Appellant challenges the legal and factual sufficiency of the evidence in support of the trial court’s judgment.  We affirm.

On February 8, 2002, the trial court held a plea hearing and explained to Appellant that the State was charging him by an indictment with the offense of possession of methamphetamine with intent to deliver in an amount between four and 200 grams.  Appellant stated that he understood what he was being charged with.  The court then referenced a document labeled State’s Exhibit One and asked Appellant whether he understood what he was charged with in the indictment and whether he had reviewed the written plea admonishments contained in Exhibit One with his attorney.  Appellant responded affirmatively to both questions. 

The trial court asked Appellant a few more questions concerning his citizenship and competency and then asked whether Appellant wanted to plead guilty to the charge and have the court assess his punishment.  Appellant again answered, “Yes, sir.”  Exhibit One was never formally admitted into evidence, but a document labeled State’s Exhibit One, which contains written plea admonishments and Appellant’s written judicial confession, appears in the clerk’s record. 

The court then advised Appellant of the consequences of pleading guilty and asked whether he understood that he was giving up certain rights by pleading guilty and was allowing the court to assess a punishment in a range between five and ninety-nine years.  Appellant stated that he understood, and he pleaded guilty to the charge of possession with intent to deliver.  The court accepted Appellant’s plea but deferred making a finding of guilt until a presentence investigation report had been prepared.   

During the sentencing hearing, Appellant took the stand and testified, admitting that when he was arrested, the police searched him and found the amount of $1,800 in his possession.  Appellant testified that he knew it was wrong to be “messing with” drugs, and he “should have known better.”  On cross-examination, he testified that he had a safe, where he claimed he kept coins, and he also admitted that, in his bedroom, he “had a bunch of small plastic baggies.”  Appellant further admitted that a little over ten grams of methamphetamine and a little under two grams of amphetamine were at his apartment, he knew about the drugs, and that was the contraband related to the offense to which he had pleaded guilty.  He also admitted that two guns were inside his apartment along with the narcotics.  After hearing all of the testimony, the trial court found Appellant guilty and sentenced him to seven years’ confinement.  

In Appellant’s first and second issues, he complains that the evidence is legally and factually insufficient to support the trial court’s judgment.  
In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).  This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson, 
443 U.S. at 319, 99 S. Ct. at 2789.  When performing a legal sufficiency review, we may not sit as a thirteenth juror, re-evaluating the weight and credibility of the evidence and, thus, substituting our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129, 134 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 judgment, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations. 
 Id.
 at 8-9; 
Clewis, 
922 S.W.2d at 136.  We may not substitute our judgment for that of the fact finder’s.  
Johnson
, 23 S.W.3d at 12.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To make a determination of factual insufficiency, a complete and detailed examination of all the relevant evidence is required.  
Johnson
, 23 S.W.3d at 12.  A proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

When a defendant waives his or her right to a jury and pleads guilty to a felony, the code of criminal procedure requires the State to introduce evidence into the record showing the defendant’s guilt to serve as the basis for the trial court’s judgment.  
See
 Tex. Code Crim. Proc. Ann.
 art. 1.15 (Vernon Supp. 2003); 
McDougal v. State
, No. 02-02-00281-CR, slip op. at 3, 2003 WL 1777331, at *1 (Tex. App.—Fort Worth Apr. 3, 2003, pet. filed).  “A judicial confession, standing alone, provides sufficient evidence to support the trial court’s judgment and satisfy article 1.15.”  
Lord v. State
, 63 S.W.3d 87, 92 (Tex. App.—Corpus Christi 2001, no pet.) (citing 
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App.1979) (op. on reh’g); 
Williams v. State
, 483 S.W.2d 460, 461 (Tex. Crim. App. 1972)).  An oral confession may constitute sufficient evidence to support the judgment and to satisfy article 1.15.  
See 
Tex. Code Crim. Proc. Ann.
 art. 1.15
; Dinnery
, 592 S.W.2d at 353; 
Lord
, 63 S.W.3d at 92 (holding oral exchange with court at time plea was accepted constituted judicial confession sufficient to support judgment and to satisfy article 1.15); 
McFarland v. State
, 644 S.W.2d 17, 18 (Tex. App.—Dallas 1982, no pet.) (“A defendant’s oral judicial confession that he is pleading guilty just as he is charged in the indictment, is sufficient evidence to support the plea.”).

At the outset, we note the State’s candid admission in its brief that there is a sketchy record, at best, to either support or undermine Appellant’s guilt.  As described above, however, Appellant made an oral judicial confession, which we note is similar to–and even more factually detailed than–the oral confession outlined in 
Lord
 and held sufficient to support Lord’s plea.  
See
 63 S.W.3d at 90-91.  In accordance with 
Dinnery
 and 
Williams
 and in agreement with 
Lord
, we hold that Appellant’s oral judicial confession satisfies article 1.15 and constitutes legally and factually sufficient evidence to support the trial court’s judgment.  
See
 
Tex. Code Crim. Proc. Ann.
 art. 1.15; 
Dinnery
, 592 S.W.2d at 353; 
Williams
, 483 S.W.2d at 461; 
Lord
, 63 S.W.3d at 92.

Having overruled both of Appellant’s issues, we affirm the trial court’s judgment. 

ANNE GARDNER

JUSTICE

PANEL A: CAYCE, C.J.; HOLMAN and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  June 26, 2003

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.