COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-02-346-CR

  
TIMOTHY WAYNE LEMMONS                                                 APPELLANT
 
V.
 
THE STATE OF TEXAS                                                                  STATE
 
------------
 
FROM THE 396TH 
DISTRICT COURT OF TARRANT COUNTY
 
------------
 
OPINION
 
------------
        Timothy 
Wayne Lemmons appeals from his deferred adjudication on his plea of guilty to 
the offense of possession of cocaine with the intent to deliver and his sentence 
of ten years’ probation. In two points, appellant complains that the trial 
court erred by denying appellant’s motion to suppress illegally seized 
evidence and that appellant’s plea of guilty was not freely and voluntarily 
given because of the trial court’s erroneous admonishment as to the range of 
punishment. We affirm.
FACTS
        On 
or about 10:30 p.m. on July 17, 2001, Officer Richard Hernandez, an Arlington 
police officer, was parked on Harriett Street. He saw a four-door Cadillac car 
make a right turn without a signal. The officer made a U-turn and drove off down 
a nearby street so that he could catch up to the Cadillac. When the Cadillac 
passed in front of Officer Hernandez, he followed the car and turned on his 
overhead lights to initiate a traffic stop. When Officer Hernandez turned on his 
lights, the Cadillac pulled into a private driveway.
        When 
the officer went up to the driver’s side door, he could see that appellant had 
been driving the car. After he began speaking to appellant through the window, 
he noticed a plastic baggie sticking out from the right side of appellant’s 
body in the area where the seat belt buckles. Officer Hernandez asked appellant 
to step out of the car. When appellant did, the officer noticed that the baggie 
contained a white substance that looked like crack cocaine. After backup 
arrived, the officer went to appellant’s car, illuminated the baggie with his 
flashlight, and determined that the baggie contained crack cocaine. At that 
point, Officer Hernandez seized the baggie and arrested appellant for 
possession.
        At 
trial, appellant filed a motion to suppress illegally seized evidence from the 
traffic stop. In it, he alleged that the traffic stop was an illegal detention, 
effected without a warrant and without probable cause. The trial court conducted 
a hearing on the motion and denied it in a written order. Appellant entered an 
open plea of guilty. The trial court deferred adjudication of his guilt and 
sentenced appellant to ten years’ probation.
MOTION TO SUPPRESS
        In 
appellant’s first point, he complains that the trial court erred by denying 
his motion to suppress evidence. Specifically, he contends that the traffic stop 
was illegal because reasonable suspicion did not exist to justify the stop or 
the detention of appellant’s car.
Standard of Review
        We 
review a trial court's denial of a motion to suppress for abuse of discretion. Carmouche 
v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000); Oles v. State, 
993 S.W.2d 103, 106 (Tex. Crim. App. 1999). There is an abuse of discretion when 
the ruling was so clearly wrong as to be outside that zone within which 
reasonable persons might disagree. Cantu v. State, 842 S.W.2d 667, 682 
(Tex. Crim. App. 1992), cert. denied, 509 U.S. 926 (1993). We afford 
almost total deference to a trial court's determination of the historical facts 
that the record supports, especially when the trial court's fact findings are 
based upon an evaluation of credibility and demeanor. State v. Ross, 32 
S.W.3d 853, 856 (Tex. Crim. App. 2000). We afford the same amount of deference 
to the trial court's rulings on mixed questions of law and fact, if the 
resolution of those questions turns on an evaluation of credibility and 
demeanor. Carmouche, 10 S.W.3d at 332; Guzman v. State, 955 S.W.2d 
85, 89 (Tex. Crim. App. 1997). We review de novo the trial court's application 
of law to those facts in the determination of reasonable suspicion and probable 
cause. Carmouche, 10 S.W.3d at 327; Guzman, 955 S.W.2d at 89.
        When 
the trial court does not make explicit findings of historical facts, we view the 
evidence in the light most favorable to the trial court's ruling and assume that 
the trial court made implicit findings of fact supporting its ruling, if those 
findings are supported by the record. Carmouche, 10 S.W.3d at 327-28. In 
determining whether a trial court's decision is supported by the record, we 
generally consider only evidence adduced at the suppression hearing because the 
ruling was based on it rather than evidence that may have been introduced later. 
Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App.), cert. denied, 
519 U.S. 1043 (1996); James v. State, 102 S.W.3d 162, 170 (Tex. 
App.—Fort Worth 2003, pet. ref’d).
Discussion
        Appellant 
argues that the record does not support the trial court’s finding that 
appellant committed a traffic offense. Appellant contends that Officer Hernandez 
had a “hunch” about appellant’s car and used the traffic stop as a pretext 
for the stop. Appellant claims that the stop was based upon “mere” suspicion 
rather than “reasonable” suspicion.
        The 
State argues that Officer Hernandez validly stopped appellant for committing a 
traffic offense. It contends that a law enforcement officer may validly stop and 
detain a person for a traffic violation and that failure to signal a turn 
constitutes a traffic offense. See Tex. Transp. Code Ann. § 545.104 (Vernon 1999); Krug v. 
State, 86 S.W.3d 764, 767 (Tex. App.—El Paso 2002, pet. ref’d) (holding 
that police officer had probable cause to conduct traffic stop where defendant 
failed to signal a right-hand turn when he turned his vehicle from a public road 
onto a private driveway). We agree with the State.
        We 
begin with the officer’s testimony that he initially stopped and temporarily 
detained appellant for the traffic offense of failing to signal a turn. See Tex. Transp. Code Ann. § 545.104. Officer Hernandez 
testified that he saw appellant make a right turn without using a turn signal.
        A 
police officer has the authority to stop and temporarily detain a driver who has 
violated a traffic law. Armitage v. State, 637 S.W.2d 936, 939 (Tex. 
Crim. App. 1982); Santos v. State, 822 S.W.2d 338, 341 (Tex. 
App.—Houston [1st Dist.] 1992, pet. ref'd). Under the Texas 
Transportation Code, the operator of a vehicle must use a lamp signal to 
indicate an intention to turn, change lanes, or start from a parked position. Tex. Transp. Code Ann. §§ 545.104(a), 545.106. The 
requirement is mandatory, and failure to signal a turn constitutes a traffic 
offense. See id. § 545.104(a). Any peace officer may arrest, without a 
warrant, a person found committing a violation of the Texas traffic laws because 
a violation of the traffic laws constitutes probable cause to arrest the 
violator. See id. § 543.001; Snyder v. State, 629 S.W.2d 930, 934 
(Tex. Crim. App. 1982) (op. on reh'g) (holding that absence of brake lights and 
a valid inspection sticker authorized police officer to arrest the defendant 
without a warrant; likewise, officer had probable cause to arrest defendant due 
to his failure to produce a valid driver's license); State v. Ayala, 981 
S.W.2d 474, 476 (Tex. App.—El Paso 1998, pet. ref’d) (holding that police 
officer's observation of defendant committing traffic offense of failing to 
drive his vehicle in single lane gave officer probable cause to stop vehicle and 
arrest defendant, thereby obviating need for reasonable suspicion). Giving 
deference to the trial court’s findings we conclude that Officer Hernandez’s 
observation of a traffic violation was sufficient to constitute probable cause 
for the stop. To the extent appellant’s first point challenges the initial 
stop as a pretext, that portion is overruled.
        Appellant 
also challenges the officer’s continued detention claiming that the officer 
did not have reasonable suspicion to detain and investigate. At the suppression 
hearing the State had the burden of proving reasonable suspicion for yet another 
offense. See Russell v. State, 717 S.W.2d 7, 9-10 (Tex. Crim. App. 1986) 
(op. on reh'g); State v. Giles, 867 S.W.2d 105, 108 (Tex. App.—El Paso 
1993, pet. ref'd).
        A 
police officer can stop and briefly detain a person for investigative purposes 
if the officer has a reasonable suspicion supported by articulable facts that 
criminal activity may be afoot, even if the officer lacks evidence rising to the 
level of “probable cause.” Terry v. Ohio, 392 U.S. 1, 27, 88 S. Ct. 
1868, 1883 (1968); Woods v. State, 956 S.W.2d 33, 35 (Tex. Crim. App. 
1997). These facts must amount to more than a mere hunch or suspicion. Davis 
v. State, 947 S.W.2d 240, 244 (Tex. Crim. App. 1997). The “reasonable 
suspicion” standard is an objective one: there need only be an objective basis 
for the stop; the subjective intent of the officer conducting the stop is 
irrelevant. The reasonable suspicion determination is made by considering the 
totality of the circumstances. McQuarters v. State, 58 S.W.3d 250, 255 
(Tex. App.—Fort Worth 2001, pet. ref’d) (citing Garcia v. State, 43 
S.W.3d 527, 530 (Tex. Crim. App. 2001)). Once a police officer makes a bona fide 
stop or arrest for a traffic offense, he can make an additional arrest for any 
other offense unexpectedly discovered while investigating or questioning a 
motorist. See Hernandez v. State, 867 S.W.2d 900, 907 (Tex. 
App.—Texarkana 1993, no pet.). Incident to the latter action, he may also 
conduct a search. See Little v. State, 853 S.W.2d 179, 184 (Tex. 
App.—Corpus Christi 1993, no pet.).
        The 
officer in the present case, having validly stopped and detained appellant for 
the offense of failing to signal a turn, was authorized to further investigate 
another offense under these conditions. See Tex. Transp. Code Ann. §§ 545.104(a), 545.106; Davis, 
947 S.W.2d at 245 n.6. Under the circumstances of the present case, the 
officer’s observation of a suspicious baggie sticking out of the car seat 
during a valid traffic stop was sufficient to constitute reasonable suspicion to 
further investigate appellant for the offense of possession. We hold that the 
trial court did not err by denying appellant’s motion to suppress. We overrule 
appellant’s first point.
ADMONISHMENT ON THE RANGE OF PUNISHMENT
        Appellant 
argues that the court erred by not admonishing him that the correct range of 
punishment for his offense, without the enhancement, was five years to life 
imprisonment. Appellant contends that at the time he pled guilty, he believed 
that the range of punishment was fifteen years to life imprisonment. He claims 
that his plea was not voluntary because at the time he entered his plea, he did 
not know that the punishment range was actually only five years to life 
imprisonment. He contends that if he had known, then he would not have pled 
guilty.
Standard of Review
        Under 
article 26.13 of the Texas Code of Criminal Procedure, the trial court must 
admonish the defendant of the range of punishment for the offense before the 
court accepts a plea of guilty or nolo contendre. Tex. Code. Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004). The 
purpose of article 26.13 is to ensure that only constitutionally valid pleas are 
entered by defendants and accepted by trial courts. Meyers v. State, 623 
S.W.2d 397, 402 (Tex. Crim. App. [Panel Op.] 1981); Lord v. State, 63 
S.W.3d 87, 90 (Tex. App.—Corpus Christi 2001, no pet.). To be constitutionally 
valid, a guilty plea must be knowing and voluntary. Brady v. United States, 
397 U.S. 742, 748, 90 S. Ct. 1463, 1469 (1970); Stephens v. State, 15 
S.W.3d 278, 279 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd), cert. 
denied, 531 U.S. 1169 (2001). Substantial compliance with article 26.13 by 
the trial court establishes a prima facie case that the plea was valid. Tex. Code Crim. Proc. Ann. art. 26.13(c); Eatmon v. State, 
768 S.W.2d 310, 312 (Tex. Crim. App. 1989); Lord, 63 S.W.3d at 90.
        A 
trial court is considered to have substantially complied with article 26.13 when 
it admonishes the defendant of the appropriate range of punishment, the sentence 
given is within the range prescribed by law, and the defendant fails to 
affirmatively show harm. See Hughes v. State, 833 S.W.2d 137, 139-40 
(Tex. Crim. App. 1992). Upon a showing of substantial compliance, the burden 
then shifts to appellant to show that he entered the plea without understanding 
the consequences of his action and he suffered harm. Eatmon, 768 S.W.2d 
at 312; see Singleton v. State, 986 S.W.2d 645, 650 (Tex. App.—El Paso 
1998, pet. ref'd). However, a plea of guilty is not rendered involuntary merely 
because the defendant received a greater punishment than anticipated or because 
he did not assess every relevant factor when entering into his decision to plead 
guilty. Tovar-Torres v. State, 860 S.W.2d 176, 178 (Tex. App.—Dallas 
1993, no pet.).
Discussion
        A 
review of the record reveals that at the January 7, 2002 hearing on 
appellant’s motion to suppress, the court read appellant the following 
admonishments on the potential range of punishment in his case:
  
THE COURT: You understand that 
the -- if you are convicted of this offense [possession with the intent to 
deliver] that you face a potential imprisonment range of no less than five 
years, no more than 99 years or life, and in addition you could receive a 
$10,000 fine. You understand that?
 
[APPELLANT]: Yes, Your Honor.
 
THE COURT: You understand that 
if it is proven that the allegation that you have a prior conviction from 
December of 1990 is true, that increases the minimum punishment to 15 years to 
life -- 15 years to 99 years or life in the Texas penitentiary. Do you 
understand that?
 
[APPELLANT]: Yes, sir.

 
        At 
the plea hearing on April 25, 2002, the trial court admonished appellant again 
regarding the possible range of punishment for his offense:
  
THE COURT: Now, if you persist 
in pleading guilty to this case and you admit to certain other allegations in 
this case, then the range of punishment that I could sentence you to is for a 
period of time incarceration in the penitentiary of no less than 15 years, no 
more than 99 years or life, and a fine not to exceed $10,000 could be imposed. 
Do you understand that?
 
[APPELLANT]: Yes, sir.
 
THE COURT: That is the range 
of punishment.

  
However, before the conclusion 
of the sentencing hearing the following exchange occurred:
  
THE COURT: It’s my 
understanding . . . that the State now wishes to waive the enhancement 
paragraph; is that correct?
 
[THE STATE]: That’s correct, 
Your Honor . . . . So for the purposes of this [sentencing] hearing, the State 
will waive the enhancement. So the punishment range for the first degree felony 
will be five to 99 or life.
 
THE COURT: Any objections to 
the enhancement notice being waived?
 
[DEFENSE COUNSEL]: None 
whatsoever, Your Honor.
 
THE COURT: All right. Both 
sides may be seated. [Appellant], you understand what we are doing here this 
morning is your punishment hearing; you understand that?
 
[APPELLANT]: Yes, sir, Your 
Honor.
 
THE COURT: You understand that 
by the State waiving the enhancement notice, it has effectively reduced the 
minimum punishment from 15 years down to five years, you could receive up to 
99 years or life as a result of this. Do you understand that?
 
[APPELLANT]: Yes, sir.

 
[Emphasis added.]
        On 
April 25, 2002, appellant also signed written plea admonishments that dictated 
that he could face the punishment range for a first degree felony enhanced 
(fifteen to ninety-nine years or life imprisonment). Appellant argues that since 
the written admonishments were not amended to reflect the range of punishment 
without the enhancement (five to ninety-nine years or life imprisonment) his 
plea was not voluntary. Moreover, he claims that the mistaken admonishments 
caused the rendition of a guilty plea and that the trial court violated 
appellant’s “substantial right” because he was not allowed to withdraw his 
guilty plea.
        The 
trial court in this case correctly orally admonished appellant about the minimum 
punishment he could receive both during the hearing on the motion to suppress 
and at the end of his plea hearing, just before sentencing. The trial court also 
assessed punishment within the actual range for the offense. Additionally, 
appellant’s trial counsel expressly stated that he did not object to the 
waiver of the enhancement.[1]  Consequently, the 
trial court's admonishment substantially complied with article 26.13(a)(1), and 
appellant's guilty plea was prima facie knowingly and voluntarily made. The 
burden then shifted to appellant to show otherwise.
        The 
issue becomes, therefore, whether appellant has affirmatively shown that, 
despite the trial court's substantial compliance with article 26.13(a)(1), he 
was not aware of the consequence of his plea as it related to the correct range 
of punishment for his offense and was misled or harmed by the court's 
admonishment. See Tex. Code Crim. Proc. Ann. art. 26.13(c).
        An 
“affirmative” showing requires more than a defendant's unsupported, 
subjective assertion that he did not know the punishment range for his offense, 
that he would not have entered the plea in question had he been correctly 
admonished, or that he was misled or harmed by the trial court's admonishment. See 
Ex parte Gibauitch, 688 S.W.2d 868, 872 (Tex. Crim. App. 1985); Sanchez 
v. State, 854 S.W.2d 677, 680-81 (Tex. App.—Dallas 1993, no pet.); Myers 
v. State, 780 S.W.2d 441, 445 (Tex. App.—Texarkana 1989, pet. ref'd). And, 
a defendant cannot, as appellant attempts to do, make an affirmative showing by 
relying solely on the fact that the trial court’s admonishment on the range of 
punishment changed when the State waived the enhancement.
        Here, 
the court admonished appellant on the possible range of punishment both with and 
without the enhancement. Even given an incorrect admonishment, a defendant may 
otherwise know or understand the correct range of punishment before the trial 
court accepts his plea. Given the multiple admonishments that appellant received 
and his express statements that he understood the range of punishment and the 
waiver of the enhancement, it is clear from the record that appellant was aware 
of that particular consequence of his plea. Accordingly, when the consequence of 
a defendant's plea relates to the range of punishment for the charged offense, 
we hold that a defendant must show by evidence grounded in the record both his 
lack of knowledge or understanding about the punishment range for his offense 
and, objectively, the manner in which he was misled or harmed. See Grays v. 
State, 888 S.W.2d 876, 887-88 (Tex. App.—Dallas 1994, no pet.).
        Applying 
the above standards to this case, we conclude appellant has failed to meet his 
burden of showing affirmatively that he was unaware of or misunderstood the 
range of punishment for the offense and was misled or harmed by the trial 
court's admonishments. There is nothing in the record to indicate that appellant 
did not know the true range of punishment for the offense he pled to. Appellant 
has failed to establish through evidence in the appellate record that he did not 
otherwise have knowledge or an understanding of the punishment range before the 
trial court accepted his open guilty plea. Additionally, nothing in the record 
indicates that the trial court's admonishment misled appellant into making a 
guilty plea and foregoing another choice that potentially could have resulted in 
a more favorable sentence. In fact, appellant received a particularly lenient 
sentence of ten years’ probation.
        Because 
appellant has failed to show affirmatively that he was unaware of the 
consequence of his plea and that he was misled or harmed by the trial court's 
admonishment, he has failed to rebut the prima facie showing that his guilty 
plea was knowing and voluntary. Accordingly, we conclude appellant knowingly and 
voluntarily pled guilty and that the trial court did not err in accepting 
appellant's plea. We overrule appellant's second point.
CONCLUSION
        Having 
overruled both of appellant’s points, we affirm the trial court’s judgment.

  
                                                                  TERRIE 
LIVINGSTON
                                                                  JUSTICE

 
PANEL A:   CAYCE, 
C.J.; LIVINGSTON and WALKER, JJ.
 
PUBLISH
 
DELIVERED: February 12, 2004


NOTES
1. The State 
waived the enhancement at the sentencing hearing on July, 26, 2002.