**Burnis Frank McFARLAND, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05-81-00623-CR.**

Court of Appeals of Texas, Dallas.

May 18, 1982.

James P. Finstrom, Dallas, for appellant.

Henry Wade, Dist. Atty., John D. Nation, Asst. Dist. Atty., Dallas, for appellee.

Before AKIN, VANCE and WHITHAM, JJ.

AKIN, Justice.

Defendant appeals from his conviction for forgery and from the revocation of his probation. Defendant received a three year probated sentence for forgery, which was revoked on April 23, 1981. Because we hold that the probation revocation hearing violated Tex.Code Crim.Pro.Ann. art. 42.12 § 8(a) (Vernon Supp.1982) and denied de-

**18**

fendant due process of law, we reverse the order revoking defendant's probation.

On March 27, 1981, the trial court first considered the State's motion to revoke defendant's probation. Defendant entered a plea of true to the charge that he failed to report monthly. Although the trial court found that defendant had failed to report monthly, the court did not revoke his probation but passed the cause generally. On April 23, 1981, another hearing was held before the trial court, at which time the court revoked defendant's probation. At the April 23 hearing, defendant was not charged with any additional violations of his conditions of probation, nor was any additional evidence presented concerning his earlier violations.

Section 8(a) of article 42.12 provides that the court may continue a probation hearing for good cause shown by either the defendant or the State. Tex.Code Crim.Pro.Ann. art. 42.12 § 8(a) (Vernon Supp.1982). In *Rogers v. State,* 640 S.W.2d 248 (Tex.Cr. App.1982) (en banc), the Court of Criminal Appeals held that this statute contemplates a continuance which is necessary to overcome one of the various obstacles which may prevent a hearing from beginning on time and proceeding smoothly to the closing of evidence, such as an overcrowded docket. Additionally, however, it contemplates a short period of time (such as a few days) after the closing of evidence during which a conscientious judge, in good faith, may consider his decision. But the statutory provision for a continuance does not contemplate a prolonged period during which the defendant is returned to probation. Such an action is not a true continuance, but is a thinly-disguised decision to continue the probation.

 In the present case, the trial court continued defendant on probation from March 27, 1981 to April 23, 1981. This period is substantially longer than the "few days" contemplated by § 8(a) of article 42.-12. Moreover, no good cause for a continuance was shown. The Court of Criminal Appeals found in *Rogers* that this method of "hard probation" denied a defendant due process of law; consequently, we must reverse the revocation of defendant's probation.

 Defendant also contends that the evidence is insufficient to support his conviction. We do not agree. A defendant's oral judicial confession that he is pleading guilty just as he is charged in the indictment, is sufficient evidence to support the plea. *Craven v. State,* 607 S.W.2d 527, 528 (Tex.Cr.App.1980). Because defendant made an oral judicial confession, the evidence is sufficient to support his conviction for forgery.