COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
 
NO. 2-03-262-CV
 
 
 
IN THE MATTER OF M.A.O., JR.
 
 
 
------------
 
FROM THE 323RD DISTRICT COURT 
OF TARRANT COUNTY
 
------------
 
MEMORANDUM OPINION[1]
 
------------
        Following 
Appellant M.A.O., Jr.’s pleas of true to the charges of burglary of a motor 
vehicle and burglary of a habitation, the trial court adjudicated him delinquent 
and committed him to an indeterminate sentence in the Texas Youth Commission (TYC).  
In one point, Appellant complains that the evidence is legally insufficient to 
support his adjudication for burglary of a habitation because there is no 
evidence that he entered the habitation without the effective consent of the 
owner.  We will affirm.
I. Factual Background and Procedural History
        Because 
Appellant only challenges his adjudication of delinquency pertaining to the 
burglary of a habitation, we will only discuss the facts pertaining to that 
offense.  In its petition regarding a child engaged in delinquent conduct, 
the State alleged that on September 24, 2002, Appellant “did intentionally or 
knowingly, without the effective consent of Kathy Chandler, the owner thereof, 
enter a habitation and did attempt to commit or commit theft.”  See 
Tex. Penal Code Ann. § 30.02 
(Vernon Supp. 2004).  Appellant later signed a stipulation of evidence and 
a waiver of his right to a jury trial.
        On 
July 1, 2003, the trial court conducted a hearing on the State’s 
petition.  The court read the paragraph alleging Appellant’s burglary of 
a habitation and admonished Appellant in accordance with family code section 
54.03(b).  See Tex. Fam. Code 
Ann. § 54.03(b) (Vernon Supp. 2004).  When asked to make a plea as 
to the burglary of a habitation allegation, Appellant pleaded true.  
Appellant agreed that he understood his rights and that he was pleading true 
because that was what he intended to do and for no other reason.  Appellant 
also agreed that he had not been threatened through fear of force, promised 
anything in exchange for his plea of true, or pressured to plead through any 
persuasion or hope of pardon.  Appellant acknowledged that he was 
knowingly, intelligently, voluntarily, and willingly making his plea of true.
        The 
trial court explained the possible consequences of Appellant’s plea of true, 
and Appellant stated that he understood those consequences.  When the trial 
court asked Appellant whether he realized what he did was wrong, Appellant 
stated, “Yes, sir.”  The court, upon asking further questions of 
Appellant, determined that he was competent to stand trial.
        The 
State then offered the following stipulation as further evidence of 
Appellant’s involvement with the September 2002 burglary of a habitation:
  
Further, if the witness Cathy 
Chandler were called to court to testify under oath, she would testify that on 
September 24th of 2002, she was present at her apartment located at 128 Plaza 
Boulevard in Hurst, Tarrant County, Texas.  She saw two men exiting 
apartment 1120 and asked them to help her carry a heavy item upstairs to her 
apartment.  They in fact did that for her.  She would identify 
[Appellant] as one of the men.  He was accompanied by a white male.  
They demanded all of her money.  She refused.  They pushed her into 
her apartment.  The white male took her cigarettes and her purse.  
They both ran out and got in a gray Blazer and left.
 
If Officer D. Moore were 
called to testify in court and under oath, he would testify that he’s employed 
by the City of Hurst Police Department, and he responded on September 24th of 
2002 to Cathy Chandler’s apartment.  He went to apartment 1120 as part of 
his investigation.  He established that the Hispanic male was [Appellant]. 
. . . Chandler, at that time and place, identified [Appellant] to him as the 
person who was one of the two who burglarized her apartment.
 
 
Appellant stipulated to these 
facts.  Based on the evidence and the pleas, the trial court determined 
that Appellant had engaged in delinquent conduct.
        On 
July 7, 2003, the trial court conducted a disposition hearing. After hearing and 
considering the evidence presented, the trial court committed Appellant to TYC.  
The trial court stated that Appellant had the right to appeal any decision of 
the trial court.
II. Burglary of a Habitation
        In 
his sole point, Appellant challenges the legal sufficiency of the evidence 
pertaining to whether he acted “without the effective consent” of Chandler 
when he entered her apartment.[2]  See Tex. Penal Code Ann. § 30.02(a)(1) 
(providing that a person commits the offense of burglary of a habitation if, 
without the effective consent of the owner, the person enters a habitation, or a 
building (or any portion of a building) not then open to the public, with intent 
to commit a felony, theft, or an assault).  We disagree that there is 
legally insufficient evidence.
        A.     Standard 
of Review
        When 
juvenile appellants complain that the evidence is legally insufficient to 
support the adjudication of delinquency, we apply the criminal standard of 
review, which is more stringent than the “no evidence” standard applicable 
in civil cases. In re J.D.P., 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 
2002, no pet.). The relevant question is not whether there is any 
evidence to support a state court conviction, but whether there is sufficient 
evidence to justify a rational trier of fact to find guilt beyond a reasonable 
doubt. Jackson v. Virginia, 443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 
(1979).  In reviewing the legal sufficiency of the evidence under the 
criminal standard, we view all the evidence in the light most favorable to the 
judgment in order to determine whether any rational trier of fact could have 
found the essential elements of the crime beyond a reasonable doubt.  Id. 
at 319, 99 S. Ct. at 2789; Burden v. State, 55 S.W.3d 608, 612 (Tex. 
Crim. App. 2001).
        B.     Analysis
        Appellant 
argues that the evidence is legally insufficient because the State’s 
stipulation demonstrates that the complainant effectively invited Appellant into 
her apartment when she asked Appellant and another person to help carry a heavy 
item upstairs to her apartment.  Thus, Appellant contends that the State 
failed to prove that he entered the apartment without the effective consent of 
the owner, an essential element of the offense of burglary of a 
habitation.  See Tex. Penal 
Code Ann. § 30.02(a)(1).
        Appellant 
refers us to Eppinger v. State, in which the Austin Court of Appeals 
stated, “Proof that the defendant had the requisite intent does not dispense 
with the necessity of proving that the owner did not effectively consent to the 
entry.”  800 S.W.2d 652, 654 (Tex. App.—Austin 1990, pet. ref’d).  
In Eppinger, the complainant, while lying in bed, called out to a person 
knocking at his door to enter.  Id. at 653.  The defendant 
entered, asked for a cigarette, and took $200 lying on a dresser before turning 
to leave.  Id.  The complainant, who later testified that he 
had never seen the defendant before, lunged at the defendant as he left, which 
led to the defendant’s driver’s license and social security card falling to 
the floor.  Id.
        After 
examining the evidence, the Austin court reversed the defendant’s conviction 
for burglary of a habitation because there was no evidence showing that he had 
entered the complainant’s apartment without the complainant’s effective 
consent.  Id. at 654-55.  The court observed that “the 
relevant evidence [was] to the contrary” and concluded, “While [the 
defendant] was shown to be a thief or even a robber, the State failed to prove 
that he was a burglar.”  Id. at 655.
        Appellant 
argues that the same conclusion in Eppinger is appropriate in this 
case.  The State responds first, that a plea of true is sufficient; second, 
that the family code only requires “competent evidence admitted at the 
hearing” to support a finding that a juvenile engaged in delinquent conduct; 
that, on this record, there is legally sufficient evidence to support the trial 
court’s adjudication of Appellant for burglary of a habitation because 
Appellant judicially confessed his guilt to the burglary of a habitation 
allegation; and third, that even if the foregoing is not sufficient, the agreed 
stipulation of evidence constituted legally sufficient evidence.  See 
Tex. Fam. Code Ann. § 54.03(f) 
(Vernon Supp. 2004).
        As 
the State points out, it is well settled that a judicial confession standing 
alone is sufficient to sustain a conviction upon a guilty plea under article 
1.15 of the code of criminal procedure.[3]  See 
Tex. Code Crim. Proc. Ann. art. 
1.15 (Vernon Supp. 2004); Dinnery v. State, 592 S.W.2d 343, 353 (Tex. 
Crim. App. 1979) (op. on reh’g); Lord v. State, 63 S.W.3d 87, 92 (Tex. 
App.—Corpus Christi 2001, no pet.) (holding oral exchange with court at time 
plea was accepted constituted judicial confession sufficient to support judgment 
and to satisfy article 1.15); McFarland v. State, 644 S.W.2d 17, 18 (Tex. 
App.—Dallas 1982, no pet.) (“A defendant’s oral judicial confession that 
he is pleading guilty just as he is charged in the indictment, is sufficient 
evidence to support the plea.”); see also In re R.A.H., No. 
05-99-01226-CV, 2000 WL 1598767, at *1 (Tex. App.—Dallas Oct. 27, 2000, no 
pet.) (mem. op.) (not designated for publication)[4] 
(holding evidence legally and factually sufficient to support judgment 
adjudicating juvenile delinquent because juvenile judicially confessed to the 
allegations in the State’s petition).
        While 
the State failed to offer evidence in Eppinger of the appellant entering 
the complainant’s apartment without his effective consent, here, as detailed 
above, Appellant affirmed that the allegations in the State’s petition were 
true.  800 S.W.2d at 655.  Appellant’s judicial confession 
constitutes competent evidence under family code section 54.03(f) to satisfy the 
element concerning entry without effective consent and is legally sufficient to 
support the trial court’s judgment adjudicating Appellant delinquent for the 
offense of burglary of a habitation.  Dinnery, 592 S.W.2d at 353; Lord, 
63 S.W.3d at 92; McFarland, 644 S.W.2d at 18; see also R.A.H., No. 
05-99-01226-CV, 2000 WL 1598767, at *1.
        Further, 
we conclude that, even if we did not consider Appellant’s judicial confession, 
the agreed stipulation, when read in the light most favorable to the trial 
court’s judgment, also supports the Appellant’s being adjudicated delinquent 
for the offense of burglary of a habitation:
 
[The victim] saw two men 
exiting apartment 1120 and asked them to help her carry a heavy item upstairs to 
her apartment.  They in fact did that for her.  She would identify 
[Appellant] as one of the men.  He was accompanied by a white male.  
They demanded all of her money.  She refused.  They pushed her into 
her apartment.  They both ran. . . . [The victim] later identified 
[Appellant] to [police] as the person who was one of the two [men] who 
burglarized her apartment. [Emphasis supplied.]
 
 
The agreed stipulation of 
evidence thus provided that Appellant was asked to help take an item to 
the victim’s apartment—not into the apartment.  Moreover, the 
agreed stipulation of evidence established that a robbery had begun before 
anyone was inside the apartment because the victim was “pushed into” 
the apartment after she refused a demand to hand over all of her money.  
Therefore, the agreed stipulation constitutes legally sufficient evidence to 
support Appellant’s adjudication for burglary of a habitation.  See 
Jackson, 443 U.S. at 318-19, 99 S. Ct. at 2788-89; J.D.P., 85 
S.W.3d at 422.  Accordingly, we overrule Appellant’s sole point.
III. Conclusion
        Having 
overruled Appellant’s sole point, we affirm the trial court’s judgment.
 
 
                                                          PER 
CURIAM
 
  
PANEL F:   GARDNER, 
J.; CAYCE, C.J.; and LIVINGSTON, J.
 
DELIVERED: August 5, 2004

NOTES
1.  See 
Tex. R. App. P. 47.4.
2.  
Appellant does not challenge the factual sufficiency of the evidence.
3.  We 
need not determine whether family code section 54.03(f) requires evidence in 
addition to a juvenile’s plea of true to support his or her adjudication 
order, as would be required for felony guilty pleas under article 1.15 of the 
code of criminal procedure, because, assuming it does, Appellant judicially 
confessed to the allegations in the State’s petition.
4.  See 
Tex. R. App. P. 47.7 (providing 
that unpublished cases may be cited, although they have no precedential value).