IN RE MAO

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-03-262-CV

IN THE MATTER OF M.A.O., JR. 

------------

FROM THE 323RD DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Following Appellant M.A.O., Jr.’s pleas of true to the charges of burglary of a motor vehicle and burglary of a habitation, the trial court adjudicated him delinquent and committed him to an indeterminate sentence in the Texas Youth Commission (TYC).  In one point, Appellant complains that the evidence is legally insufficient to support his adjudication for burglary of a habitation because there is no evidence that he entered the habitation without the effective consent of the owner.  We will affirm.

I.  Factual Background and Procedural History

Because Appellant only challenges his adjudication of delinquency pertaining to the burglary of a habitation, we will only discuss the facts pertaining to that offense.  In its petition regarding a child engaged in delinquent conduct, the State alleged that on September 24, 2002, Appellant “did intentionally or knowingly, without the effective consent of Kathy Chandler, the owner thereof, enter a habitation and did attempt to commit or commit theft.” 
See
 
Tex. Penal Code Ann
. § 30.02 (Vernon Supp. 2004).  Appellant later signed a stipulation of evidence and a waiver of his right to a jury trial. 

On July 1, 2003, the trial court conducted a hearing on the State’s petition.  The court read the paragraph alleging Appellant’s burglary of a habitation and admonished Appellant in accordance with family code section 54.03(b).  
See
 
Tex. Fam. Code Ann
. § 54.03(b) (Vernon Supp. 2004).  When asked to make a plea as to the burglary of a habitation allegation, Appellant pleaded true.  Appellant agreed that he understood his rights and that he was pleading true because that was what he intended to do and for no other reason. Appellant also agreed that he had not been threatened through fear of force, promised anything in exchange for his plea of true, or pressured to plead through any persuasion or hope of pardon.  Appellant acknowledged that he was knowingly, intelligently, voluntarily, and willingly making his plea of true. 

The trial court explained the possible consequences of Appellant’s plea of true, and Appellant stated that he understood those consequences.  When the trial court asked Appellant whether he realized what he did was wrong, Appellant stated, “Yes, sir.”  The court, upon asking further questions of Appellant, determined that he was competent to stand trial. 

The State then offered the following stipulation as further evidence of Appellant’s involvement with the September 2002 burglary of a habitation:

Further, if the witness Cathy Chandler were called to court to testify under oath, she would testify that on September 24th of 2002, she was present at her apartment located at 128 Plaza Boulevard in Hurst, Tarrant County, Texas.  She saw two men exiting apartment 1120 and asked them to help her carry a heavy item upstairs to her apartment.  They in fact did that for her.  She would identify [Appellant] as one of the men.  He was accompanied by a white male.  They demanded all of her money.  She refused.  They pushed her into her apartment.  The white male took her cigarettes and her purse.  They both ran out and got in a gray Blazer and left.

If Officer D. Moore were called to testify in court and under oath, he would testify that he’s employed by the City of Hurst Police Department, and he responded on September 24th of 2002 to Cathy Chandler’s apartment.  He went to apartment 1120 as part of his investigation.  He established that the Hispanic male was [Appellant]. . . . Chandler, at that time and place, identified [Appellant] to him as the person who was one of the two who burglarized her apartment. 

Appellant stipulated to these facts.  Based on the evidence and the pleas, the trial court determined that Appellant had engaged in delinquent conduct. 

On July 7, 2003, the trial court conducted a disposition hearing.  After hearing and considering the evidence presented, the trial court committed Appellant to TYC.  The trial court stated that Appellant had the right to appeal any decision of the trial court. 

II.  Burglary of a Habitation

 In his sole point, Appellant challenges the legal sufficiency of the evidence pertaining to whether he acted “without the effective consent” of Chandler when he entered her apartment.
(footnote: 2)  
See
 
Tex. Penal Code Ann
. § 30.02(a)(1) (providing that a person commits the offense of burglary of a habitation if, without the effective consent of the owner, the person enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault).  We disagree that there is legally insufficient evidence.

A. Standard of Review

When juvenile appellants complain that the evidence is legally insufficient to support the adjudication of delinquency, we apply the criminal standard of review, which is more stringent than the “no evidence” standard applicable in civil cases.  
In re J.D.P.,
 85 S.W.3d 420, 422 (Tex. App.—Fort Worth 2002, no pet.).  The relevant question is not whether there is 
any
 evidence to support a state court conviction, but whether there is sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt.  
Jackson v. Virginia, 
443 U.S. 307, 318-19, 99 S. Ct. 2781, 2788-89 (1979).  In reviewing the legal sufficiency of the evidence under the criminal standard, we view all the evidence in the light most favorable to the judgment in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Id
. at 319, 99 S. Ct. at 2789; 
Burden v. State
, 55 S.W.3d 608, 612 (Tex. Crim. App. 2001).

B. Analysis

Appellant argues that the evidence is legally insufficient because the State’s stipulation demonstrates that the complainant effectively invited Appellant into her apartment when she asked Appellant and another person to help carry a heavy item upstairs to her apartment.  Thus, Appellant contends that the State failed to prove that he entered the apartment without the effective consent of the owner, an essential element of the offense of burglary of a habitation.  
See
 
Tex. Penal Code Ann
. § 30.02(a)(1).

Appellant refers us to 
Eppinger v. State
, in which the Austin Court of Appeals stated, “Proof that the defendant had the requisite intent does not dispense with the necessity of proving that the owner did not effectively consent to the entry.”  800 S.W.2d 652, 654 (Tex. App.—Austin 1990, pet. ref’d).  In 
Eppinger
, the complainant, while lying in bed, called out to a person knocking at his door to enter.  
Id
. at 653.  The defendant entered, asked for a cigarette, and took $200 lying on a dresser before turning to leave.  
Id
.  The complainant, who later testified that he had never seen the defendant before, lunged at the defendant as he left, which led to the defendant’s driver’s license and social security card falling to the floor.  
Id
.

After examining the evidence, the Austin court reversed the defendant’s conviction for burglary of a habitation because there was no evidence showing that he had entered the complainant’s apartment without the complainant’s effective consent.  
Id
. at 654-55.  The court observed that “the relevant evidence [was] to the contrary” and concluded, “While [the defendant] was shown to be a thief or even a robber, the State failed to prove that he was a burglar.”  
Id
. at 655.

Appellant argues that the same conclusion in 
Eppinger
 is appropriate in this case.  The State responds first, that a plea of true is sufficient; second, that the family code only requires “competent evidence admitted at the hearing” to support a finding that a juvenile engaged in delinquent conduct; that, on this record, there is legally sufficient evidence to support the trial court’s adjudication of Appellant for burglary of a habitation because Appellant judicially confessed his guilt to the burglary of a habitation allegation; and third, that even if the foregoing is not sufficient, the agreed stipulation of evidence constituted legally sufficient evidence.  
See
 
Tex. Fam. Code Ann
. § 54.03(f) (Vernon Supp. 2004).

As the State points out, it is well settled that a judicial confession standing alone is sufficient to sustain a conviction upon a guilty plea under article 1.15 of the code of criminal procedure.
(footnote: 3)  
See
 
Tex. Code Crim. Proc. Ann
. art. 1.15 (Vernon Supp. 2004); 
Dinnery v. State
, 592 S.W.2d 343, 353 (Tex. Crim. App. 1979) (op. on reh’g); 
Lord v. State
, 63 S.W.3d 87, 92 (Tex. App.—Corpus Christi 2001, no pet.) (holding oral exchange with court at time plea was accepted constituted judicial confession sufficient to support judgment and to satisfy article 1.15); 
McFarland v. State
, 644 S.W.2d 17, 18 (Tex. App.—Dallas 1982, no pet.) (“A defendant’s oral judicial confession that he is pleading guilty just as he is charged in the indictment, is sufficient evidence to support the plea.”); 
see also In re R.A.H.
, No. 05-99-01226-CV, 2000 WL 1598767, at *1 (Tex. App.—Dallas Oct. 27, 2000, no pet.) (mem. op.) (not designated for publication)
(footnote: 4) (holding evidence legally and factually sufficient to support judgment adjudicating juvenile delinquent because juvenile judicially confessed to the allegations in the State’s petition).

While the State failed to offer evidence in 
Eppinger
 of the appellant entering the complainant’s apartment without his effective consent, here, as detailed above, Appellant affirmed that the allegations in the State’s petition were true.  800 S.W.2d at 655.  Appellant’s  judicial confession constitutes competent evidence under family code section 54.03(f) to satisfy the element concerning entry without effective consent and is legally sufficient to support the trial court’s judgment adjudicating Appellant delinquent for the offense of burglary of a habitation.  
Dinnery
, 592 S.W.2d at 353; 
Lord
, 63 S.W.3d at 92; 
McFarland
, 644 S.W.2d at 18; 
see also R.A.H.
, No. 05-99-01226-CV, 2000 WL 1598767, at *1.

Further, we conclude that, even if we did not consider Appellant’s judicial confession, the agreed stipulation, when read in the light most favorable to the trial court’s judgment, also supports the Appellant’s being adjudicated delinquent for the offense of burglary of a habitation:

[The victim] saw two men exiting apartment 1120 and asked them to help her carry a heavy item upstairs 
to
 her apartment.  They in fact did that for her.  She would identify [Appellant] as one of the men.  He was accompanied by a white male.  They demanded all of her money.  She refused.  They pushed her 
into
 her apartment.  They both ran. . . .  [The victim] later identified [Appellant] to [police] as the person who was one of the two [men] who burglarized her apartment. [Emphasis supplied.]

The agreed stipulation of evidence thus provided that Appellant was asked to help take an item 
to
 the victim’s apartment—not 
into
 the apartment.  Moreover, the agreed stipulation of evidence established that a robbery had begun before anyone was inside the apartment because the victim was “pushed 
into
” the apartment after she refused a demand to hand over all of her money.  Therefore, the agreed stipulation constitutes legally sufficient evidence to support Appellant’s adjudication for burglary of a habitation.  
See
 
Jackson, 
443 U.S. at 318-19, 99 S. Ct. at 2788-89; 
J.D.P.,
 85 S.W.3d at 422.  Accordingly, we overrule Appellant’s sole point.

III.  Conclusion

Having overruled Appellant’s sole point, we affirm the trial court’s judgment.

PER CURIAM

PANEL F: GARDNER, J.; CAYCE, C.J.; and LIVINGSTON, J.

DELIVERED:  August 5, 2004

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.

2:
Appellant does not challenge the factual sufficiency of the evidence.

3:
We need not determine whether family code section 54.03(f) requires evidence in addition to a juvenile’s plea of true to support his or her adjudication order, as would be required for felony guilty pleas under article 1.15 of the code of criminal procedure, because, assuming it does, Appellant judicially confessed to the allegations in the State’s petition. 

4:
See
 
Tex. R. App. P.
 47.7 (providing that unpublished cases may be cited, although they have no precedential value).