ACCEPTED
12-14-00342-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/6/2015 4:07:22 PM
CATHY LUSK
CLERK

CAUSE NO. 12-14-00342-CR

IN THE
TWELFTH COURT OF APPEALS
TYLER, TEXAS

RECEIVED IN
12th COURT OF APPEALS
TYLER, TEXAS

3/6/2015 4:07:22 PM

CATHY S. LUSK
Clerk

FILED

3/6/2015

Twelfth Court of Appeals
Cathy Lusk
Clerk

VERA LOUISE CLERKLEY, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

On Appeal from the

3rd Judicial District Court of
Anderson County, Texas

(Trial Court No. 31399)

Hon. Bascom W. Bentley, III, Judge Presiding

APPELLANT'S BRIEF

WM. M. HOUSE, JR.
TBC#40045000
800 NORTH CHURCH
PALESTINE, TEXAS 75801
903.723.2077
903.723.6323 FAX

COUNSEL FOR APPELLANT

# IDENTITIES OF PARTIES AND COUNSEL

VERA LOUISE CLERKLEY, Appellant

Judge Presiding:

HON. Bascom W. BENTLEY, III
Anderson County Courthouse
Palestine, Texas 75801

For the State at Trial:

Scott HOLDEN
TBC#24036795
Assistant District Attorney
Anderson County Courthouse
500 North Church, Room 38
Palestine, Texas 75801

For the Defendant at Trial:

Wm. M. HOUSE, JR.
Attorney at Law
TCB#10045000
800 North Church
P. O. Box 1486
Palestine, Texas 75801

For the Defendant on Appeal:

Wm. M. HOUSE, JR.
Attorney at Law
TCB#10045000
800 North Church
P. O. Box 1486
Palestine, Texas 75801

# TABLE OF CONTENTS

Identity of Parties and Counsel............................................................................2

Table of Contents............................................................................................3

Index of Authorities.........................................................................................4

Statement of Case...........................................................................................5

Issues Presented.............................................................................................6

Statement of Facts..........................................................................................6

Summary of the Argument...................................................................................6

Argument.....................................................................................................7

Prayer........................................................................................................7

Certificate of Service...................................................................................... 8

Certificate of Compliance...................................................................................8

# INDEX OF AUTHORITIES

CASES

*Rogers v. State*, 640 S.W.2d 248 (Tex.Crim.App. 1981) ....................................7

*McFarland v. State*, 644 S.W.2d 17 (Tex.App._Dallas 1982)..........................7

CAUSE NO. 31399

IN THE
TWELFTH COURT OF APPEALS
TYLER, TEXAS

---

VERA LOUISE CLERKLEY, APPELLANT

VS.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the

3rd Judicial District Court of
Anderson County, Texas

---

APPELLANT'S BRIEF

---

## STATEMENT OF THE CASE

On December 2, 2013, Appellant pled Guilty to the offense of Theft of Property between $1500.00 and $20,000.00. She was sentenced to 24 months in TDCJ State Jail Division, however that sentence of confinement was suspended and Appellant was placed on Community Supervision for a period of five years. One of the terms of probation was a requirement to pay $5610.37 in restitution. On May 30, 2014, the State filed a Motion to Revoke Appellant's Community Supervision. On October 20, 2014, the court revoked Appellant's probation, sentenced her to one year State Jail Division TDCJ. Timely Notice of Appeal was given.

5

## ISSUES PRESENTED

The Trial Court erred in continuing the Revocation Hearing for prolonged period and then revoking probation without a determination of new violation, violating the minimum requirements of due process.

## STATEMENT OF FACTS

On September 29th, the court convened a hearing on the State's Motion to Revoke Probation. At that hearing Appellant pled True (RR Vol. 2 p5 L 6 and p5 L10-22). The court without rendering a decision or revoking Appellant's probation recessed the hearing and ordered a Pre-Sentence Report. (RR Vol. 2 p16 L2-7)

Then on October 20, the court reconvened the hearing. At that hearing, Appellant objected to the court proceeding, (RR Vol. 3 p1 L9-15) further objection was made (RR Vol. 3 p3 L8-21). The counsel for Appellant further argued that the court did not have the authority to revoke her on that date, the case had been heard, there was evidence that could have been used to revoke her, the court did not revoke her at that time, the court continued it to the current date, the court then proceeded to grant the State's Motion to Revoke. (RR Vol. 3 p7 L22-25)

## SUMMARY OF THE ARGUMENT

Appellant's due process rights were violated. The court's taking defendant's plea of True, in the first revocation hearing and not revoking her constituted a thinly disguised decision to continue the probation. The court erred in subsequently revoking her probation without evidence of any new violation.

6

## ARGUMENT

Judge Roberts, on State's Motion for Rehearing in *Rogers v. State*, 640 S.W.2d 248 (Tex.Crim.App. 1981), "it would be the epitome of arbitrariness for a court first to conduct a hearing on alleged violations and exercise its discretion to return the probationer to probation (whether by a "continuance of the hearing" or by (continuance of the probation", and then deciding several months late to exercise its discretion in the opposite fashion by revoking the probation without any determination of a new violation."

A similar situation occurred in *McFarland v. State*, 644 S.W.2d 17 (Tex.App._Dallas 1982), in that case the trial court considered the State's Motion to Revoke on March 27, 1981. Defendant entered a plea of True to the charge. Although the court found that the Defendant had failed to report, the court did not revoke his probation, but passed the cause generally. On April 23, 19881, another hearing was held before the trial court at which time the court revoked Defendant's probation. At the April 23rd hearing, Defendant was not charged with any additional violations of conditions of probation. "Such an action is not a true continuance, but is a thinly-disguised decision to continue the probation".

Also in *McFarland v. State*, 644 S.W.2d 17 (Tex.App._Dallas 1982), "once the trial court has continued the revocation hearing for a prolonged period, the court may not revoke probation without a determination of a new violation".

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Undersigned counsel prays that upon due consideration of Appellant's Brief, the Court reverse the trial court and set aside the Order revoking her probation.

RESPECTFULLY SUBMITTED,

WM. M. HOUSE, JR.
TBC#40045000
800 NORTH CHURCH
PALESTINE, TEXAS 75801
903.723.2077
903.723.6323 FAX

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has forwarded to the Office of Criminal District Attorney, Anderson County Courthouse, Palestine, Texas, 75801, and Vera Louise Clerkley

Carolyn Newgent
Legal Assistant to
Wm. M. House, Jr.
Attorney at Law

## CERTIFICATE OF COMPLIANCE

At the request of the Court, I certify that this submitted computer e-filing complies with the Tex.R.App.P. 9.4(i)(3) and has a word count of 976.

Carolyn Newgent
Legal Assistant to
Wm. M. House, Jr.
Attorney at Law

8