ACCEPTED
12-15-00020-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/6/2015 10:39:40 AM
CATHY LUSK
CLERK

**12-15-00020-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/6/2015 10:39:40 AM
CATHY S. LUSK
~~Clerk~~

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**ROBERT MITCHELL DEAN, JR.**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-1251-14

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

# IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
John JHarvis
326 S. Fannin
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ..............................................................ii

TABLE OF CONTENTS...................................................................................iii

INDEX OF AUTHORITIES ..........................................................................iv

STATEMENT OF THE CASE............................................................................2

ISSUES PRESENTED ...................................................................................2

STATEMENT OF FACTS ...............................................................................2

SUMMARY OF THE ARGUMENT ...................................................................3

ARGUMENT ...................................................................................................3

    **I.    JURISDICTION** ..................................................................................4

    **II.    WAIVER OF TRIAL BY JURY** .......................................................4

    **III.    APPELLANT'S PLEA** ......................................................................5

    **IV.    APPELLANT'S STIPULATION** .......................................................7

    **V.    PUNISHMENT** ...............................................................................8

    **VI.    EFFECTIVE ASSISTANCE OF COUNSEL** ....................................9

CONCLUSION AND PRAYER ........................................................................10

CERTIFICATE OF SERVICE ........................................................................10

CERTIFICATE OF COUNSEL .......................................................................11

CERTIFICATE OF COMPLIANCE.................................................................11

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Anders v. California*,
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967)....................................3, 10, 11

*Brady v. Alabama*,
  397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970)....................................5

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984)..................................9

**TEXAS COURT OF CRIMINAL APPEALS:**

*Barfield v. State*,
  63 S.W.3d 446 (Tex.Crim.App. 2001) ........................................................7

*Eatmon v. State*,
  768 S.W.2d 310 (Tex.Crim.App. 1989) ......................................................6

*Ex parte Sadberry,*
  864 S.W.2d 541 (Tex.Crim.App. 1993) ......................................................5

*Ganious v. State*,
  436 S.W.2d 137 (Tex.Crim.App. 1969) ......................................................2

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999) ........................................................9

*Johnson v. State*,
  614 S.W.2d 148 (Tex.Crim.App. 1981) ......................................................9

*Johnson v. State*,
  72 S.W.3d 346 (Tex.Crim.App. 2002) ........................................................5

*Martinez v. State*,
  981 S.W.2d 195 (Tex.Crim.App. 1998) ......................................................7

## TEXAS COURT OF CRIMINAL APPEALS (CON'T):

*McKenna v. State,*
  493 S.W.2d 514 (Tex.Crim.App. 1972) ....................................................... 8

*Monreal v. State,*
  99 S.W.3d 615 (Tex.Crim.App. 2003) ......................................................... 4

*Moore v. State,*
  694 S.W.2d 528 (Tex.Crim.App. 1985) ....................................................... 9

*Miniel v. State,*
  831 S.W.2d 310 (Tex.Crim.App. 1992) ....................................................... 9

*Murray v. State,*
  302 S.W.2d 874 (Tex.Crim.App. 2009) ....................................................... 4

*Rhodes v. State,*
  934 S.W.2d 113 (Tex.Crim.App. 1996) ....................................................... 8

*Stafford v. State,*
  813 S.W.2d 503 (Tex.Crim.App. 1991) ..................................................... 10

*Stone v. State,*
  919 S.W.2d 424 (Tex.Crim.App. 1996) ....................................................... 7

*Young v. State,*
  8 S.W.3d 656 (Tex.Crim.App. 2000) ........................................................... 3

## TEXAS COURTS OF APPEAL:

*Brink v. State,*
  78 S.W.3d 478 (Tex.App.—Houston [14th Dist.] 2001) .............................. 4

*Castaneda v. State,*
  135 S.W.3d 719 (Tex.App.—Dallas 2003) ................................................... 8

*Edwards v. State,*
  921 S.W.2d 477 (Tex.App.—Houston [1st Dist.] 1996) .............................. 7

**TEXAS COURTS OF APPEAL (CON'T):**

*Guidry v. State,*
   177 S.W.3d 90 (Tex.App.—Houston [1st Dist.] 2005) .................................. 4

*Kirk v. State,*
   949 S.W.2d 769 (Tex.App.—Dallas 1997) ..................................................... 8

*Lord v. State,*
   63 S.W.3d 87 (Tex.App. – Corpus Christi 2001) ........................................... 6, 8

*Mays v. State,*
   904 S.W.2d 290 (Tex.App.—Fort Worth 1995) .............................................. 3


**STATUTES:**

TEX. CODE CRIM. PROC. art. 1.13 ....................................................................... 4, 5

TEX. CODE CRIM. PROC. art. 1.15 ....................................................................... 7

TEX. CODE CRIM. PROC. art. 4.05 ....................................................................... 4

TEX. CODE CRIM. PROC. art. 26.13 ..................................................................... 5, 6

TEX. HEALTH & SAFETY CODE § 481.115 ......................................................... 4, 7, 8

TEX. PEN. CODE § 12.425 ...................................................................................... 8

TEX. R. APP. P. 25.2 ............................................................................................... 4

TEX. R. APP. P. 33.1 ............................................................................................... 8

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

## ROBERT MITCHELL DEAN, JR.

**Appellant,**

**v.**

## THE STATE OF TEXAS

**Appellee**

On Appeal from the Seventh District Court of Smith County, Texas
Trial Cause No. 007-1251-14

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Robert Dean, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Robert Dean seeks to appeal his conviction and sentence for the offense of possession of a controlled substance. (I CR 60). Mr. Dean was indicted for this offense in the Seventh District Court of Smith County, Texas in October of 2014 and, in response, elected to enter an open plea of "guilty." (I CR 4, 60). In January of this year Mr. Dean was sentenced by the trail court to serve a term of twelve years' confinement. (I CR 60). Sentence was pronounced on 16 January and notice of appeal then timely filed. (I CR 59, 60).

## ISSUES PRESENTED

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Ganious v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

## STATEMENT OF FACTS

In the fall of 2014, Appellant, Mr. Robert Dean, was indicted for the felony offense of possession of a controlled substance in the Seventh District Court of Smith County. (I CR 4). In addition to the primary allegation, the indictment

returned against him also included allegations of two prior felony convictions. (*Id.*).

To this charge Mr. Dean elected to enter a plea of "guilty" without the benefit of a plea agreement. (I CR 60). The trail court, after accepting the plea, found Mr. Dean guilty and pronounced sentence at a term of twelve years' confinement. (Id.). Sentence was pronounced on 16 January and notice of appeal then timely filed. (I CR 59, 60).

## SUMMARY OF ARGUMENT

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23, (Tex.App.—Fort Worth 1995, no pet.).

## ARGUMENT

Mr. Dean entered a plea of "guilty" to the charged offense. (I CR 60). A valid guilty plea waives a defendant's right to appeal a claim of error when the judgment of guilt was rendered independently of, and is not supported by, the alleged error. *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000),

3

*superseded in part by* TEX. R. APP. PROC. 25.2(b) *as stated in Monreal v. State*, 99 S.W.3d 615 (Tex.Crim.App. 2003). Thus, for a defendant to be successful on appeal he must be able to demonstrate a nexus between the alleged error and the judgment of guilt. *Guidry v. State*, 177 S.W.3d 90, 93 (Tex.App.—Houston [1st Dist.] 2005, no pet.); *Brink v. State*, 78 S.W.3d 478, 484 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd).

## I.  JURISDICTION

As indicted the offense with which Mr. Dean was charged was a felony offense. TEX. HEALTH & SAFETY CODE § 481.115. Therefore, jurisdiction properly rested with the Seventh District Court of Smith County, Texas. *See* TEX. CODE CRIM. PROC. Art. 4.05 (Vernon 2007) (stating that district courts shall have original jurisdiction in felony criminal cases); *Murray v. State*, 302 S.W.2d 874, 877 (Tex.Crim.App. 2009). Additionally, because it alleged all of the essential elements of the offense charged, the indictment returned in this case provided Mr. Dean with sufficient notice of the offense she alleged to have committed. (I CR 4). Consequently, no error regarding the trial court's jurisdiction can be advanced.

## II.  WAIVER OF TRIAL BY JURY.

Article 1.13 of the Texas Code of Criminal Procedure provides that a defendant may waive her right to trial by jury if that waiver is made in writing, joined by the State, and approved and accepted by the trial court. TEX. CODE

4

CRIM. PROC. art. 1.13 (Vernon 2007). A waiver meeting all of these statutory requirements was filed in the case currently before the Court. (I CR 41).

Prior to accepting this waiver the trial court ensured that the waiver was freely and knowingly made by inquiring into whether Mr. Dean understood various rights and options available to him including the right to have the issues of guilt and punishment resolved by a jury, the right to make the State prove its case against him beyond a reasonable doubt, and the right to call and cross-examine witnesses. (II RR 17-19). Additionally, the court ensured that at the time he made the waiver Mr. Dean was not under the influence of any controlled substance and had had sufficient time to consult with his attorney. (II RR 19-20.). *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App. 1993). The record created as a result of the trial court's investigation into these issues, coupled with its compliance with Article 1.13, has resulted in appellate counsel's inability to identify any non-frivolous error to be advanced on appeal regarding this issue. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex.Crim.App. 2002).

### III. APPELLANT'S PLEA.

Like a waiver of the right to trial by jury, to have been validly made a defendant's plea of "guilty" must be freely, knowingly, and intelligently made. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon 2007); *Brady v. United States*, 397 U.S. 742, 749, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970). Article 26.13 of

the Code of Criminal Procedure defines the steps a trial court must take before accepting a plea in order to ensure that it is, in fact, being voluntarily made. TEX. CODE CRIM. PROC. ANN. art. 26.13. If a trial court substantially complies with these steps a *prima facie* case is established that the plea was validly entered. *Eatmon v. State*, 768 S.W.2d 310, 312 (Tex.Crim.App. 1989). "Substantial compliance exists when the trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm." *Lord v. State*, 63 S.W.3d 87, 90 (Tex.App.—Corpus Christi 2001, no pet.).

In this instance, the trial court substantially complied with Article 26.13. As noted, before accepting her pleas the trial court admonished Mr. Dean as to the full range of punishment in this case, the right to remain silent, the right to trial by jury, and the consequences of waiving those rights. (II RR *gen.*). The court also inquired as to whether Mr. Dean had had sufficient time to consult with counsel and whether he was being forced or coerced into entering her plea. (II RR 33-34, 37). At no time did Mr. Dean indicate that his plea was anything other than freely and knowingly made. (*Id.*). Additionally, Mr. Dean filed a series of written waivers and admonishments that reflected the same topics and responses discussed between he and the court. (I CR 36-41).

6

Under such circumstances, counsel has been unable to make a non-frivolous argument that the presumption that there was no irregularity in the trial court's acceptance of either plea could be overcome. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *See also Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998).

## IV. APPELLANT'S STIPULATION

Article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce some evidence showing the guilt of the defendant in support of a guilty plea. TEX. CODE CRIM. PROC. art. 1.15 (Vernon 2007). After being offered and admitted without objection a stipulation of evidence and judicial confession embracing all of the essential elements of the offense and enhancements charged is sufficient to support the plea. *See Barfield v. State*, 63 S.W.3d 446, 450 (Tex.Crim.App. 2001); *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App. 1996).

The essential elements of the offense at issue are found in the Section 481.115 of the Health and Safety Code. TEX. HEALTH & SAFETY CODE § 481.115(b); (I CR 4). In support of his plea to this offense the State offered a signed "Stipulation of Evidence" in which Mr. Dean admitted the truth of all of the elements of the offense charged and to the validity of the alleged two prior felony convictions. (I CR 39).

7

These stipulations constitute a judicial confession to all of the essential elements of the offense. *McKenna v. State*, 493 S.W.2d 514, 515 (Tex.Crim.App. 1972). A judicial confession provides sufficient evidence to support the judgment. *Lord*, 63 S.W.3d at 92. Therefore, there was legally and factually sufficient evidence to support the trial court's finding of guilt.

## V. PUNISHMENT.

As alleged, the offense of possession of a controlled substance is a state jail felony. TEX. HEALTH & SAFETY CODE § 481.115(b); (I CR 4). However, because he had twice before been convicted of felony offenses, the punishment range was enhanced to that of a second degree felony. TEX. PEN. CODE § 12.425(b).

Mr. Dean was sentenced to serve a twelve-year sentence. (I CR 60). At the time that sentence was imposed no objection was raised as would be required in order to preserve any error for purposes of the direct appeal. *See* TEX. R. APP. Proc. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.). However, even if an objection had been raised, a sentence within the statutory punishment range for the offense, as this sentence is, is presumptively not constitutionally cruel and unusual under these circumstances. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd).

8

Consequently, there exists no non-frivolous error to be advanced on the issue of punishment.

## VI. EFFECTIVE ASSISTANCE OF COUNSEL.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88. On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528, 531 (Tex.Crim.App. 1985). Trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With the *Strickland* standard in mind, counsel has reviewed the record before the court and found no conduct that would rise to the level of rendering trial counsel's assistance ineffective. *See, e.g., Johnson v. State*, 614 S.W.2d 148, 152 (Tex.Crim.App. [Panel Op.] 1981) (holding that, on appeal, courts will not second-guess reasonable trial decisions).

9

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Dean the opportunity to review the record and file a *pro se* brief should she desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the State by e-file concurrently with its filing in the Court.

/s/ Austin Reeve Jackson

10

## CERTIFICATE OF COUNSEL

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

/s/ Austin Reeve Jackson

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,203 words.

/s/ Austin Reeve Jackson