ACCEPTED
12-15-00215-CR
TWELFTH COURT OF APPEALS
TYLER, TEXAS
11/3/2015 10:05:14 AM
Pam Estes
CLERK

**12-15-00215-CR, 12-15-00217-CR, & 12-15-00218-CR**

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
11/3/2015 10:05:14 AM
PAM ESTES
Clerk

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**JACOB LEE ROPER**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause Nos. 114-0321-15, 114-0320-15, & 114-0322-15

**ORAL ARGUMENT NOT REQUESTED**

Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile:  (866) 387-0152

## IDENTITY OF PARTIES AND COUNSEL

**Attorney for Appellant**

Appellate Counsel:
Austin Reeve Jackson
112 East Line, Suite 310
Tyler, TX 75702

Trial Counsel:
Curt Ellis
120 S. Broadway Ave.
Suite 112
Tyler, TX 75702

**Attorney for the State on Appeal**

Michael J. West
Assistant District Attorney, Smith County
4th Floor, Courthouse
100 North Broadway
Tyler, TX 75702

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ................................................................ ii

TABLE OF CONTENTS ...................................................................................... iii

INDEX OF AUTHORITIES ................................................................................ iv

STATEMENT OF THE CASE ..............................................................................2

ISSUES PRESENTED ........................................................................................2

STATEMENT OF FACTS....................................................................................3

SUMMARY OF THE ARGUMENT .....................................................................3

ARGUMENT ....................................................................................................4

    **I.    JURISDICTION** ................................................................................4

    **II.    WAIVER OF TRIAL BY JURY** ......................................................5

    **III.    APPELLANT'S PLEA** ...................................................................6

    **IV.    APPELLANT'S STIPULATION** .....................................................7

    **V.    PUNISHMENT** ............................................................................8

    **VI.    EFFECTIVE ASSISTANCE OF COUNSEL** ..................................9

CONCLUSION AND PRAYER..........................................................................10

CERTIFICATE OF SERVICE...........................................................................11

CERTIFICATE OF COUNSEL .........................................................................12

CERTIFICATE OF COMPLIANCE ..................................................................12

# INDEX OF AUTHORITIES

**UNITED STATES SUPREME COURT:**

*Anders v. California*,
  386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) .................................. 3, 10, 12

*Brady v. Alabama*,
  397 U.S. 742, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970) ................................... 6

*Strickland v. Washington*,
  466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984) ................................ 9, 10


**TEXAS COURT OF CRIMINAL APPEALS:**

*Barfield v. State*,
  63 S.W.3d 446 (Tex.Crim.App. 2001) ......................................................... 7-8

*Eatmon v. State*,
  768 S.W.2d 310 (Tex.Crim.App. 1989) ....................................................... 6

*Ex parte Sadberry,*
  864 S.W.2d 541 (Tex.Crim.App. 1993) ....................................................... 5

*Ganious v. State*,
  436 S.W.2d 137 (Tex.Crim.App. 1969) ....................................................... 2

*Hernandez v. State*,
  988 S.W.2d 70 (Tex.Crim.App. 1999) ......................................................... 9

*Johnson v. State*,
  614 S.W.2d 148 (Tex.Crim.App. 1981) ....................................................... 10

*Johnson v. State*,
  72 S.W.3d 346 (Tex.Crim.App. 2002) ......................................................... 6

*Martinez v. State*,
  981 S.W.2d 195 (Tex.Crim.App. 1998) ....................................................... 7

**TEXAS COURT OF CRIMINAL APPEALS (CON'T):**

*McKenna v. State,*
   493 S.W.2d 514 (Tex.Crim.App. 1972) ...................................................... 8

*Monreal v. State,*
   99 S.W.3d 615 (Tex.Crim.App. 2003) ...................................................... 4

*Moore v. State,*
   694 S.W.2d 528 (Tex.Crim.App. 1985) ................................................. 9-10

*Miniel v. State,*
   831 S.W.2d 310 (Tex.Crim.App. 1992) ...................................................... 10

*Murray v. State,*
   302 S.W.2d 874 (Tex.Crim.App. 2009) ...................................................... 4

*Rhodes v. State,*
   934 S.W.2d 113 (Tex.Crim.App. 1996) ...................................................... 9

*Stafford v. State,*
   813 S.W.2d 503 (Tex.Crim.App. 1991) ...................................................... 10

*Stone v. State,*
   919 S.W.2d 424 (Tex.Crim.App. 1996) ...................................................... 8

*Young v. State,*
   8 S.W.3d 656 (Tex.Crim.App. 2000) ........................................................... 4


**TEXAS COURTS OF APPEAL:**

*Brink v. State,*
   78 S.W.3d 478 (Tex.App.—Houston [14th Dist.] 2001) .............................. 4

*Castaneda v. State,*
   135 S.W.3d 719 (Tex.App.—Dallas 2003) .................................................. 9

*Edwards v. State,*
   921 S.W.2d 477 (Tex.App.—Houston [1st Dist.] 1996) ............................. 7

## TEXAS COURTS OF APPEAL (CON'T):

*Guidry v. State,*
   177 S.W.3d 90 (Tex.App.—Houston [1st Dist.] 2005)................................ 4

*Kirk v. State,*
   949 S.W.2d 769 (Tex.App.—Dallas 1997) ..................................................... 9

*Lord v. State,*
   63 S.W.3d 87 (Tex.App. – Corpus Christi 2001) ........................................... 6, 8

*Mays v. State,*
   904 S.W.2d 290 (Tex.App.—Fort Worth 1995) ............................................ 3


## STATUTES:

TEX. CODE CRIM. PROC. art. 1.13................................................................5

TEX. CODE CRIM. PROC. art. 1.15................................................................7

TEX. CODE CRIM. PROC. art. 4.05................................................................4

TEX. CODE CRIM. PROC. art. 26.13..............................................................6

TEX. PEN. CODE § 29.03............................................................................4, 8

TEX. PEN. CODE § 30.02............................................................................4, 8

TEX. PEN. CODE § 12.32 ...........................................................................8

TEX. PEN. CODE § 12.35 ...........................................................................8

TEX. R. APP. P. 25.2................................................................................4

TEX. R. APP. P. 33.1................................................................................9

**12-15-00215-CR, 12-15-00217-CR, & 12-15-00218-CR**

IN THE TWELFTH COURT OF APPEALS
TYLER, TEXAS

**JACOB LEE ROPER**

**Appellant,**

**v.**

**THE STATE OF TEXAS**

**Appellee**

On Appeal from the 114th District Court of Smith County, Texas
Trial Cause Nos. 114-0321-15, 114-0320-15, & 114-0322-15

**TO THE HONORABLE JUSTICES OF THE COURT:**

COMES NOW, Austin Reeve Jackson, attorney for Jacob Roper, and files this brief pursuant to the TEXAS RULES OF APPELLATE PROCEDURE, and would show the Court as follows:

## STATEMENT OF THE CASE

Jacob Roper seeks to appeal his conviction and sentence for two aggravated robbery cases and one burglary of a building case. (I CR1 42; I CR2 45; I CR3 39). Mr. Roper was indicted for these offenses in the 114th District Court of Smith County, Texas in March of this year and, in response, elected to enter an open plea of "guilty" in each case. (I CR1 1, 42; I CR2 7, 45; I CR3 1, 39). In August of this year Mr. Roper was sentenced by the trial court to serve a term of confinement in each case. (I CR1 42; I CR2 45; I CR3 39). Sentence was pronounced on 11 August and notice of appeal then timely filed. (I CR1 42, 50; I CR2 45, 55; I CR3 39, 47).

## ISSUES PRESENTED

Counsel has reviewed the appellate record in this cause and reluctantly concludes that as a matter of professional judgment the record contains no reversible error and no jurisdictional defects are present. Where counsel concludes that there are no arguable grounds for reversal, he is required to present a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *Ganious v. State*, 436 S.W.2d 137 (Tex.Crim.App. 1969).

## STATEMENT OF FACTS

In the spring of 2015, Appellant, Mr. Jacob Roper, was indicted for three felony offenses in the 114th District Court of Smith County: two aggravated robberies and one burglary of a building. (I CR1 1; I CR2 7; I CR3 1). To these charges Mr. Roper elected to enter a plea of "guilty" without the benefit of a plea agreement. (I CR1 42; I CR2 45; I CR3 39). The trial court, after accepting the plea, found Mr. Roper guilty and pronounced sentence at a term of two years' confinement in the burglary and forty years' confinement in each of the robberies. (*Id*.). Sentence was pronounced on 11 August and notice of appeal then timely filed. (I CR1 42, 50; I CR2 45, 55; I CR3 39, 47).

## SUMMARY OF ARGUMENT

In accordance with the requirements of *Anders v. California*, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967), counsel has reviewed the record and determined that, in his professional opinion, the record contains no reversible error or jurisdictional defects. Under circumstances where there appears to be no arguable grounds for reversal on appeal, counsel is required to present a professional evaluation of the record supporting this assertion. *See Mays v. State*, 904 S.W.2d 290, 922-23, (Tex.App.—Fort Worth 1995, no pet.).

## ARGUMENT

Mr. Roper entered a plea of "guilty" to the charged offenses. (I CR1 42; I CR2 45; I CR3 39). A valid guilty plea waives a defendant's right to appeal a claim of error when the judgment of guilt was rendered independently of, and is not supported by, the alleged error. *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex.Crim.App. 2000), *superseded in part by* TEX. R. APP. PROC. 25.2(b) *as stated in Monreal v. State*, 99 S.W.3d 615 (Tex.Crim.App. 2003). Thus, for a defendant to be successful on appeal he must be able to demonstrate a nexus between the alleged error and the judgment of guilt. *Guidry v. State*, 177 S.W.3d 90, 93 (Tex.App.—Houston [1st Dist.] 2005, no pet.); *Brink v. State*, 78 S.W.3d 478, 484 (Tex.App.—Houston [14th Dist.] 2001, pet. ref'd).

## I. JURISDICTION

As indicted, the offenses with which Mr. Roper was charged were felony offenses. TEX. PEN. CODE §§ 29.03 (robbery); 30.02 (burglary). Therefore, jurisdiction properly rested with the 114th District Court of Smith County, Texas. *See* TEX. CODE CRIM. PROC. Art. 4.05 (Vernon 2007) (stating that district courts shall have original jurisdiction in felony criminal cases); *Murray v. State*, 302 S.W.2d 874, 877 (Tex.Crim.App. 2009). Additionally, because they alleged all of the essential elements of the offenses charged, the indictments returned in each case provided Mr. Roper with sufficient notice of the offenses he was alleged to

4

have committed. (I CR1 1; I CR2 7; I CR3 1). Consequently, no error regarding the trial court's jurisdiction can be advanced.

## II. WAIVER OF TRIAL BY JURY.

Article 1.13 of the Texas Code of Criminal Procedure provides that a defendant may waive the right to trial by jury if that waiver is made in writing, joined by the State, and approved and accepted by the trial court. TEX. CODE CRIM. PROC. art. 1.13 (Vernon 2007). A waiver meeting all of these statutory requirements was filed in each case currently before the Court. (I CR1 36; I CR2 39; I CR3 33).

Prior to accepting this waiver the trial court ensured that the waiver was freely and knowingly made by inquiring into whether Mr. Roper understood various rights and options available to him including the right to have the issues of guilt and punishment resolved by a jury, the right to make the State prove its case against him beyond a reasonable doubt, and the right to call and cross-examine witnesses. (I RR 6-19). Additionally, the court ensured that at the time he made the waiver Mr. Roper was not under the influence of any controlled substance and had had sufficient time to consult with his attorney. (*Id*.). *Ex parte Sadberry*, 864 S.W.2d 541, 543 (Tex.Crim.App. 1993). The record created as a result of the trial court's investigation into these issues, coupled with its compliance with Article 1.13, has resulted in appellate counsel's inability to identify any non-frivolous

5

error to be advanced on appeal regarding this issue. *Johnson v. State*, 72 S.W.3d 346, 349 (Tex.Crim.App. 2002).

### III. APPELLANT'S PLEA.

Like a waiver of the right to trial by jury, to have been validly made a defendant's plea of "guilty" must be freely, knowingly, and intelligently made. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13 (Vernon 2007); *Brady v. United States*, 397 U.S. 742, 749, 25 L.Ed.2d 747, 90 S.Ct. 1463 (1970). Article 26.13 of the Code of Criminal Procedure defines the steps a trial court must take before accepting a plea in order to ensure that it is, in fact, being voluntarily made. TEX. CODE CRIM. PROC. ANN. art. 26.13. If a trial court substantially complies with these steps a *prima facie* case is established that the plea was validly entered. *Eatmon v. State*, 768 S.W.2d 310, 312 (Tex.Crim.App. 1989). "Substantial compliance exists when the trial court has undertaken to admonish the defendant, the sentence given was within the range prescribed by law, and the defendant has failed to affirmatively show harm." *Lord v. State*, 63 S.W.3d 87, 90 (Tex.App.— Corpus Christi 2001, no pet.).

In this instance, the trial court substantially complied with Article 26.13. As noted, before accepting the pleas, the trial court admonished Mr. Roper as to the full range of punishment in each case, the right to remain silent, the right to trial by jury, and the consequences of waiving those rights. (I RR *gen*.). The court also

6

inquired as to whether Mr. Roper had had sufficient time to consult with counsel and whether he was being forced or coerced into entering his pleas. (I RR 6-19). At no time did Mr. Roper indicate that his plea was anything other than freely and knowingly made. (*Id.*). Additionally, Mr. Roper filed a series of written waivers and admonishments in each case that reflected the same topics and identical responses as those discussed between he and the court. (I CR1 32-38; I CR2 36-41; I CR3 30-36).

Under such circumstances, counsel has been unable to make a non-frivolous argument that the presumption that there was no irregularity in the trial court's acceptance of any of the pleas could be overcome. *Edwards v. State*, 921 S.W.2d 477, 479 (Tex.App.—Houston [1st Dist.] 1996, no pet.); *See also Martinez v. State*, 981 S.W.2d 195, 197 (Tex.Crim.App. 1998).

### IV. APPELLANT'S STIPULATION

Article 1.15 of the Texas Code of Criminal Procedure requires the State to introduce some evidence showing the guilt of the defendant in support of a guilty plea. TEX. CODE CRIM. PROC. art. 1.15 (Vernon 2007). After being offered and admitted without objection a stipulation of evidence and judicial confession embracing all of the essential elements of the offense and enhancements charged is sufficient to support the plea. *See Barfield v. State,* 63 S.W.3d 446, 450

(Tex.Crim.App. 2001); *Stone v. State*, 919 S.W.2d 424, 427 (Tex.Crim.App. 1996).

The essential elements of the offense at issue are found in the Sections 29.03 and 30.02 of the Penal Code. TEX. PEN. CODE §§ 29.03; 30.02; (I CR1 1; I CR2 7; I CR3 1). In support of his plea to each offense the State offered a signed "Stipulation of Evidence" in which Mr. Roper admitted the truth of all of the elements of the offenses charged. (I CR1 37-38; I CR2 40-41; I CR3 34-35).

These stipulations constitute a judicial confession to all of the essential elements of the offenses. *McKenna v. State*, 493 S.W.2d 514, 515 (Tex.Crim.App. 1972). A judicial confession provides sufficient evidence to support the judgment. *Lord*, 63 S.W.3d at 92. Therefore, there was legally and factually sufficient evidence to support the trial court's finding of guilt.

## V. PUNISHMENT.

As alleged, the offense of burglary is a state jail felony. TEX. PEN. CODE § 30.02 (I CR1 1). The offense of aggravated robbery is a felony of the first degree. TEX. PEN. CODE § 29.03 (I CR2 7; I CR3 1). As a result, the applicable punishment range was up to two years' confinement in the burglary and up to forty years' in each robbery case. TEX. PEN. CODE § 12.32, 12.35. Mr. Roper was sentenced to serve the full two years for burglary and forty years in each robbery case. (I CR1 42; I CR2 45; I CR3 39).

At the time that sentence was imposed no objection was raised as would be required in order to preserve any error for purposes of the direct appeal. *See* TEX. R. APP. Proc. 33.1(a)(1); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex.Crim.App. 1996); *Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.). However, even if an objection had been raised, a sentence within the statutory punishment range for the offense, as this sentence is, is presumptively not constitutionally cruel and unusual under these circumstances. *Kirk v. State*, 949 S.W.2d 769, 772 (Tex.App.—Dallas 1997, pet. ref'd).

Consequently, there exists no non-frivolous error to be advanced on the issue of punishment.

## VI.  EFFECTIVE ASSISTANCE OF COUNSEL.

Effective assistance of counsel is to be evaluated under the standard enunciated in *Strickland v. Washington*, 466 U.S. 668, 105 S.Ct. 1965, 85 L.Ed.2d 344 (1984); *see also, Hernandez v. State*, 988 S.W.2d 70 (Tex.Crim.App. 1999). To prevail on a claim of ineffective assistance of counsel, a defendant must show (1) that his trial counsel's performance fell below an objective standard of reasonableness, and (2) that a reasonable probability exists that, but for trial counsel's alleged errors, the result would have been different. *Strickland*, 466 U.S. at 687-88.  On appeal, the defendant carries the burden of proving ineffective assistance by a preponderance of the evidence. *Moore v. State*, 694 S.W.2d 528,

9

531 (Tex.Crim.App. 1985). Trial counsel's performance is not to be judged with the benefit of hindsight. *Miniel v. State*, 831 S.W.2d 310, 323 (Tex.Crim.App. 1992).

With the *Strickland* standard in mind, counsel has reviewed the record before the court and found no conduct that would rise to the level of rendering trial counsel's assistance ineffective. *See, e.g., Johnson v. State*, 614 S.W.2d 148, 152 (Tex.Crim.App. [Panel Op.] 1981) (holding that, on appeal, courts will not second-guess reasonable trial decisions).

## CONCLUSION AND PRAYER

As counsel was unable to raise any arguable issues for appeal, he is required to move for leave to withdraw. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App. 1991).

WHEREFORE, PREMISES CONSIDERED, counsel prays that the Court, after affording Mr. Roper the opportunity to review the record and file a *pro se* brief should he desire to do so, accept this brief and grant the attached Motion to Withdraw pursuant to *Anders v. California*, 386 U.S. 738, 18 L.Ed.2d 493, 87 S.Ct. 1396 (1967).

10

Respectfully submitted,

/s/ Austin Reeve Jackson
Texas Bar No. 24046139
112 East Line, Suite 310
Tyler, TX 75702
Telephone: (903) 595-6070
Facsimile: (866) 387-0152

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of this brief was delivered to counsel for the

State by e-file concurrently with its filing in the Court.

/s/ Austin Reeve Jackson

11

**CERTIFICATE OF COUNSEL**

The attorney's role as an advocate requires that I support my client's appeal to the best of my ability. *Anders v. California*, 386 U.S. 738. I, Austin Reeve Jackson, counsel of record in this appeal, do hereby state that I have diligently searched the entire record in this cause. I have researched the law applicable to the facts and issues contained therein, and it is my professional opinion that the record reflects no reversible error. In conformity with the applicable law pertaining to an appeal of this nature, I have set forth any potential grounds of error and have briefed them to the extent possible. I have further caused a copy of this brief to be served by certified mail on Appellant, accompanied by a letter informing Appellant of the right to examine the record for the purpose of filing a *pro se* brief.

<u>/s/ Austin Reeve Jackson</u>

**CERTIFICATE OF COMPLIANCE**

I certify that this document complies with the requirements of Rule 9.4 and consists of 2,320 words.

<u>/s/ Austin Reeve Jackson</u>